**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (SR7208)
Roman Storzer, *admitted pro hac vice*
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 857-9766
Fax: (202) 315-3996
*Attorneys for Plaintiffs*

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Donna M. Jennings (DJ7790)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
*Co-Counsel for* Plaintiff, *WR Property LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA INC., a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY,<br><br>Defendant. | Civil No. 3:17-cv-03226<br><br>**DECLARATION OF SIEGLINDE K. RATH IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION TO FILE AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND NOMINAL DAMAGES** |

Sieglinde K. Rath declares as follows, pursuant to 28 U.S.C. § 1746:

1. I am an associate attorney with Storzer & Associates, P.C., attorneys for the Plaintiffs and make this declaration in that capacity.

2. I respectfully submit this Declaration in support of Plaintiffs' Notice of Motion to be permitted to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15.

3. The parties have served discovery in this action within the past week in the form of first sets of Interrogatories and Document Requests.

4. The parties are scheduled to attend mediation with the Honorable Alexander B. Carver on November 28, 2017. Due to the parties' referral to mediation, there is no date yet established for the serving of responses to the first set of discovery requests.

5. The Plaintiffs' proposed Amended Complaint is attached hereto as **Exhibit A.**

6. The main reason for the Amended Complaint is to include allegations and requested relief related to another Ordinance recently enacted in Jackson Township, Ordinance No. 20-17 (the "*Eruv* Ordinance"), adopted after the filing of the original Complaint in this matter, which prohibits the establishment of *eruvim* (ritual enclosures that Orthodox Jewish communities construct in their neighborhoods to permit Jewish residents or visitors to carry certain objects outside their own homes on Sabbath and Yom Kippur) throughout the Township.

7. Plaintiffs allege that the enactment of the *Eruv* Ordinance in September of 2017 is the latest in a pattern of targeted discrimination against the Orthodox Jewish community.

8. The original Complaint in this matter seeks declaratory and injunctive relief with respect to two Ordinances enacted by the Township of Jackson that Plaintiffs also allege target the Orthodox Jewish community, which ban religious schools from residential areas and totally exclude school dormitories from locating within the Township.

9. The original Complaint in this matter included the following allegations:

> 114. The adoption of the Ordinances is part of a pattern and practice of Jackson Township discriminating against Orthodox Jews and discouraging them from moving into the Township.
>
> 115. This policy of discrimination against Orthodox Jews has manifested itself in a number of ways over the last several years.

(Dkt. #1.)

10. Plaintiffs' Complaint alleges that such pattern of hostility discriminates against and burdens the religious exercise of Orthodox Jews living in Jackson Township, and intentionally discourages Orthodox Jews from residing in the Township.

11. Plaintiffs' draft Amended Complaint alleges that the *Eruv* Ordinance is part of the same pattern of hostility against Orthodox Jews, and affects the rights of Plaintiff Agudath Israel of America Inc. and its members.

12. The Amended Complaint involves the same Plaintiff, Agudath Israel of America Inc., the same Defendant, Jackson Township, New Jersey, as appear in the original Complaint (Dkt. #1), similar hostility against and targeting of the Orthodox Jewish community by the Township and local residents, and this case is in a very early stage. Therefore, there is no prejudice to the Defendant if the Motion to Amend the Complaint is granted.

13. The Plaintiffs, however, may be prejudiced in the event they are not permitted to join a ripe claim, arising out of the same transactional set of facts, in this case.

14. The initial scheduling order (Dkt #17) does not include a deadline for amendment of pleadings.

15. The Defendant would not consent to the filing of an Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2017

          */s/ Sieglinde K. Rath*
Sieglinde K. Rath
Storzer & Associates, P.C.
1025 Connecticut Avenue, N.W.
Suite One Thousand
Washington, DC 20036
(202) 857-9766