## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------X

**AGUDATH ISRAEL OF AMERICA,
and WR PROPERTY LLC,**

              Plaintiffs,

v.

**TOWNSHIP OF JACKSON, NEW
JERSEY,**

              Defendant.

-------------------------------------------------------X

**Civil Action No. 3:17--cv-
03226-MAS-DEA**

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ENJOIN DEFENDANT FROM CONTINUING TO SPOLIATE EVIDENCE, FOR SANCTIONS AND FOR OTHER RELIEF

WILENTZ, GOLDMAN & SPITZER P.A.
Donna M. Jennings, Esq. (DJ7790)
Risa M. Chalfin, Esq. (RC3832)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiff WR Property, LLC

-and-

STORZER AND ASSOCIATES, P.C.
Roman Storzer, Esq., admitted *pro hac vice*
Sieglinde Rath, Esq.
1025 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20036
(202) 857-9766
Attorneys for Plaintiffs Agudath Israel of America
  and WR Property, LLC

## TABLE OF CONTENTS

**PAGE**

STATEMENT OF FACTS ......................................................................................... 1

PROCEDURAL HISTORY ..................................................................................... 8

LEGAL ARGUMENT ........................................................................................... 10

I.     PLAINTIFFS ARE ENTITLED TO AN ORDER
       ENJOINING DEFENDANT FROM CONTINUING TO
       KNOWINGLY AND PURPOSELY DESTROY
       RELEVANT INFORMATION DURING THE
       PENDENCY OF THIS LAWSUIT. .................................................... 10

II.    DEFENDANT SHOULD BE SANCTIONED. .................................. 17

CONCLUSION ....................................................................................................... 21

#10518801.1

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Brewer v. Quaker State Oil Refining Corp.,*
    72 F.3d 326 (3d Cir. 1995) ....................................................................... 18

*Bull v. United Parcel Service, Inc.,*
    665 F.3d 68 (3d Cir.2012) ................................................................ 12, 15, 20

*David's Bridal, Inc. v. House of Brides,*
    No. CV 06-5660 (SRC), 2009 WL 10690456, (D. N.J. Nov. 10, 2009)........ 12, 20

*Kachigian v. Berkshire Life Ins. Co. of Am.,*
    No. CIV.A. 09-6217 DEA, 2013 WL 1338288 (D. N.J. Apr. 1, 2013) ........... 1, 11

*Katiroll Co. v. Kati Roll & Platters, Inc.,*
    No. CIV.A. 10-3620 GEB, 2011 WL 3583408 (D. N.J. Aug. 3, 2011)............... 18

*Kounelis v. Sherrer,*
    529 F. Supp. 2d 503 (D.N.J. 2008)................................................................ 16, 18

*Scarborough v. Eubanks,*
    747 F.2d 871 (3d Cir. 1984) .............................................................................. 19

*Ware v. Rodale Press, Inc.,*
    322 F.3d 218 (3d Cir. 2003) .............................................................................. 18

## STATUTES

42 U.S.C. § 1983 ........................................................................................... 10

42 U.S.C. § 2000 ............................................................................................. 6

42 U.S.C. § 2000cc....................................................................................... 8, 10

42 U.S.C. § 3601 ............................................................................................. 8

42 U.S.C. § 3604 ........................................................................................... 11

N.J.S.A. 10:5-1 ............................................................................................. 11

TABLE OF AUTHORITIES (cont'd)

**PAGE**

N.J.S.A. 47:1A-1.1 ................................................................................. 3, 5

N.J.S.A. 47:1A-5.i ..................................................................................... 16

N.J.S.A. 47:1A-9b ....................................................................................... 5

## OTHER AUTHORITIES

31A C.J.S. Evidence § 156(2);
  29 Am.Jur.2d *Evidence* § 177............................................................. 15

#10518801.1

## **STATEMENT OF FACTS**

Plaintiffs Agudath Israel of America and WR Property, LLC (collectively, "Plaintiffs") file this application to enjoin Defendant the Township of Jackson ("Township" and "Defendant") from continuing to knowingly and willfully destroy documents relevant to this lawsuit during its pendency. This is a clear case of spoliation. Defendant must be enjoined from causing further harm and sanctioned for the harm already caused.

Spoliation, by the simplest definition, is when a party destroys evidence related to the action.[1] Here, despite ongoing litigation and continuing discovery obligations, made known and agreed upon by counsel most recently during the telephonic schedule conference with the Hon. Douglas E. Arpert, U.S.M.J. on March 12, 2019, Plaintiffs have learned that Defendant has taken action to destroy documents relating to this lawsuit while this lawsuit has been pending and as recently as March 6, 2019, approximately four weeks ago.

This action has been pending since 2017 as a result of Defendant's actions to pass zoning ordinances that forbid the construction of schools in residential zoning

---

[1] "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Kachigian v. Berkshire Life Ins. Co. of Am.*, No. CIV.A. 09-6217 DEA, 2013 WL 1338288, at *2 (D. N.J. Apr. 1, 2013) (D. Jennings Decl., Exh. W) (citing *Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd.*, 348 F.Supp.2d 332, 335 (D. N.J.2004) (internal quotations omitted)

districts, dormitories throughout the Township of Jackson, and the erection of an eruv anywhere in the Township of Jackson (the "Ordinances"). Dkt. #22. The purpose of these Ordinances is to target the Orthodox Jewish Community, to prevent that community from being able to provide the necessary educational institutions for its youth, and to discourage that community from relocating to and residing in the Township.

Though written discovery requests had been served, the parties had been attempting to resolve the matter by way of settlement for approximately a year and a half. Plaintiffs were negotiating in good faith; it is clear now that Defendant was negotiating in bad faith as relayed to the Magistrate Judge during the most recent conference call with the Court on March 12, 2019. [Dkt. 31]. As a result, Judge Arpert granted Plaintiffs' request to file an Amended Complaint and enter a new scheduling order. [Dkt. 31]. In the meantime, Defendant has acted in contravention to its obligation to preserve relevant evidence as it has become apparent Defendant is purposefully destroying documents relevant to this case.

On February 25, 2019, an OPRA request was submitted to the Township. Declaration of Donna M. Jennings ("D. Jennings Decl."), Exh. A. The OPRA request sought "all emails and letters to and from Mike Reina, Rob Nixon, Barry Calogero, Scott Marin, Ann Updegrave and Ken Bressi with regards to Oros Bais Yaakov, girls schools, and schools between 01/01/14 thru 01/01/15." *Id.* The

OPRA request was sent by email from "riseupocean@gmail.com" to Janice Kisty, Clerk of the Township, as well as the former Clerk, Ann Marie Eden. *Id.* The request was received on February 26, 2019. *Id.*

On March 22, 2019, the Township responded to the OPRA request, providing records responsive to this Request, but provided its response to another party, "Opra Baby." *Id.*, Exh. B. One of the emails appearing in the records provided was between Mayor Mike Reina and Township Administrator Helene Schlegel dated October 31, 2014. *Id.*, Exh. B at p. 57-59. This email was redacted. *Id.* In its response, the Township stated:

> Please be advised "schools" is overly broad and requires clarification
>
> Please note: Redactions have been made pursuant to <u>N.J.S.A.</u> 47:1A-1.1

*Id.*, Exh. B.

On March 24, 2019, "Opra Baby" sent another OPRA request to the Township requesting "all emails between Mike Reina and Helene Schlegel in Oct 2014 with regard to the Oros bais Yaakov lawsuit or complaint." *Id.*, Exh. C. In addition, "Opra Baby" sent a second OPRA request that same day stating: "I see that an email between Mike Reina and Helene Schlegel in Oct 2014 with subject complaint or 'Re complaint'" was redacted, under opra I would like the unredacted copy of this email ( it should not have been redacted )." *Id.*, Exh. D.

#10518801.1

On March 25, 2019, the Township advised "Opra Baby" that the "**records requested have been destroyed** under general correspondence as per approval from the NJDARM." *Id.*, Exh. E (emphasis added). The response referenced the "Authorization from Records Disposal approved on 3/6/19." *Id.*[2]

The same day, "riseupocean" sent an email to the Township indicating that it had never received a response to its OPRA request. *Id.*, Exh. G. In response, next day, March 26, 2019, the Township responded that

> Your records requested have been destroyed under general correspondence as per approval from the NJDARM. Attached please [find] the Authorization from Records Disposal approved on 3/6/2019(2009-2016) for Administration. Also Please find Authorization from Records Disposal approved on 1/31/18 (2014), [2]/15/19 (2015) for Council.

*Id.*, Exh. H; see also Exhs. I, J, K.

In response, on March 26, 2019, "riseupocean" sent an OPRA request to the Township seeking the unredacted emails at issue noting that the Township had sent out the redacted emails to other parties the week before. *Id.*, Exh. L. In response the Township replied on March 26, 2019 as follows:

---

[2] The Defendant had received a Subpoena from the State of New Jersey, Office of Attorney General, in DCR Docket No. AQ11WM-66721 "In re Jackson Township Ordinance Nos. 03-17, 04-17 and 20-17" on November 8, 2017, which sought all requested documents from January 1, 2015 to the present. D. Jennings Decl., Exh. F. This subpoena reaches information the Township indicates has been destroyed despite the ongoing DCR action.

-4-

> Please be advised I will gladly send you the redacted emails that were previously sent to other parties. As for this being handled as a new request which would require a new search, **the searchable emails have been destroyed**.

> Note: You will not be receiving anything UN-redacted as the email conversation between the Mayor and the Administrator was redacted under N.J.S.A. 47:1A-1.1, advisory, consultative, deliberative process privilege, and N.J.S.A. 47:1A-9b, executive privilege.

> Please advise if you would like me to send you what has previously been released.

*Id.*, Exh. L (emphasis added).

The Township also sent another response that day to "Opra Baby" indicating:

> **It has been destroyed**. You were provided all that is available which was redacted by our legal team. If you would like me to re-send what you've already been provided please advise.

*Id.*, Exh. M (emphasis added).

The information requested directly relates to the claims at issue in this lawsuit, specifically that the Township Ordinances passed on March 16, 2017, No. 03-17 and 04-17, prohibited schools from locating in the Township's residential zoning districts and prohibited dormitories in the Township, targeting specifically, the Orthodox Jewish community. [Dkt. 22]. The request sought information relating to schools in the Township, which is at the heart of the Plaintiffs' lawsuit.

#10518801.1

The Township Clerk, Janice Kisty, is fully familiar with the ongoing lawsuit. Ms. Kisty was deposed in another action pending in state court against the Township and the Zoning Board of Adjustment of the Township of Jackson.[3]   D. Jennings Decl., Exh. N.  It was Ms. Kisty who approved the request to destroy the correspondence, although it is unknown if she acted alone or at someone's direction.  *Id.*, Exh. I.  Her approval on the Request and Authorization for Records Disposal Form appeared on March 6, 2019, eight days after the OPRA request was received by the Township.  *Id.*

The response to the OPRA request, sent on March 26, 2019 (well beyond the statutory seven (7) day response requirement discussed below) cited this approval as the reason the records were destroyed and could not be produced.  *Id.*

---

[3] *Oros Bais Yaakov High School ("Oros") v. Township of Jackson, NJ, et al.,* Docket No. OCN-L-2981-14 pending in the Superior Court of New Jersey, Law Division, Ocean County.  Plaintiff filed a Complaint on October 15, 2014 against the Township of Jackson Zoning Board of Adjustment ("ZBA") as a result of Defendant's discriminatory zoning action that has prohibited and continues to prohibit Oros from building and operating a religious high school for girls on its property in Jackson, New Jersey in violation of the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000, *et seq.,* and, by amendment, challenges the Township Code, under RLUIPA and the federal Constitution.  D. Jennings Decl., Exh. P.  Some of the comments ZBA members have admitted making are "ask him what to do about the scourge of the cockroaches from the east," "Jackson is not prepared for the tsunami of orthodoxy that is mounting at the border. . .," ". . .They are on target for a repeat of the 1930s" and "They DO have more money than you or me or all of us put together and they have a long term plan and an abundance of patience." D. Jennings Decl. Exh. Q.

#10518801.1

Significantly, this destruction of evidence occurred within a few days of the Plaintiffs' February 27, 2019 correspondence to the Court indicating that settlement negotiations were conducted in bad faith and had ceased and the Court's text Order of March 1, 2019 scheduling the conference call with the Court. *Id.*, Exh. O. Thus, the Defendant knew that the litigation was proceeding.[4]

Also significant is that the documents sought pursuant to the OPRA request arose out of the receipt of a redacted email dated October 31, 2014, between Mayor Michael Reina and Township Administrator Helen Schlegel regarding the state court suit and a proposed high school for Orthodox Jewish girls in the Township. *Id.*, Exh. B at p. 57-59.[5]

In what appears to be a continuing course of deliberate action to destroy records, Ms. Kisty also emailed Township employee, Danielle Sinowitz, "Reminder that 2014 and maybe 2015 is destroyed . . ." with respect to an OPRA request seeking Eruv information. *Id.*, Exh. S. Further, Ms. Kisty sent an email on March 12, 2019 to Ms. Sinowitz regarding another OPRA request received on

---

[4] Significantly, this destruction of evidence occurred the day after the ZBA's purported counsel on Counts 2 and 3, Sean Gertner, Esq., sent correspondence to the Court in the Oros action indicating that settlement negotiations had ceased and requested a Case Management Conference. *Id.*, Exh. R. Thus, Defendant clearly knew that the litigation was proceeding.

[5] This email was not produced in discovery in the state court action referenced in footnote 2 despite significant written discovery already concluded in that action.

March 11, 2019 seeking emails and records regarding "Dorms, yeshivas and boarding houses" as follows:

> Danielle,
> Please confer with Robin as to these records *having permission to be destroyed*. Thank you.

*Id.*, Exh. T (emphasis added)

Upon information and belief, Robin is Robin LaBue, Esq., one of the Township attorneys. There can be no other conclusion, but that as OPRA requests come in, records are being destroyed.

Plaintiffs have filed this Motion to enjoin Defendant from continuing with these violative and irreparable actions, and for sanctions, both monetary and an adverse inference. This relief is necessary and appropriate to enjoin Defendant from continuing on its destructive path.

## PROCEDURAL HISTORY

This matter was filed on May 8, 2017. Dkt. 1. The Complaint alleges the Ordinances passed by Defendant on March 16, 2017, Ordinances No. 03-17 and 04-17, violate Plaintiffs' civil rights, as protected by the United States Constitution, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et. seq.*, the Fair Housing Act, 42 U.S.C. § 3601, *et. seq.*, and the New Jersey Law Against Discrimination. *Id.* The Complaint was subsequently amended on November 15, 2017 to include a challenge to the enactment of

#10518801.1

Ordinance No. 20-17 which effectively banned *eruvs* throughout the Township, another discriminatory action targeting the Orthodox Jewish community. Dkt. 22.

During an initial scheduling conference on August 15, 2017, an initial scheduling order was discussed. Dkt. 17. On August 22, 2017, the Order was filed and included a date by which the parties were to serve written discovery requests. On August 23, 2017, an Order of Reference to Mediation was entered, whereby the parties consented to the appointment of Hon. Alexander H. Carver, III, J.S.C. (ret.) to serve as a mediator in this matter. Dkt. 18.

Despite more than a year of negotiations on the joint preparation of Ordinances ("remedial legislation") to address the issues in dispute, sessions with Judge Carver, a Settlement Conference with the Hon. Douglas Arpert, U.S.M.J. on July 26, 2018, and what appeared to be finalized remedial legislation, the Township refused to place the Ordinances on its Agenda for consideration and adoption by Defendant, as agreed. D. Jennings Decl., Exh. O.

As a result of Plaintiffs' February 27, 2019 correspondence to the Court, on March 12, 2019, the parties appeared for a telephonic scheduling conference with the Hon. Douglas Arpert, U.S.M.J. Dkt. 31. At the conference, Plaintiffs informed the Court of the breakdown in negotiations and bad faith of the Defendant, advised for the need to proceed with the action and file an Amended Complaint to detail more actions taken by the Defendant against the Orthodox Jewish community.

Dkt. 31. The matter was administratively terminated from the Court's active docket subject to the reinstatement upon the written request of any party, i.e. the filing of the Amended Complaint. Dkt. 31. This Motion serves as written request of the Plaintiffs.

## LEGAL ARGUMENT

**I.   PLAINTIFFS ARE ENTITLED TO AN ORDER ENJOINING DEFENDANT FROM CONTINUING TO KNOWINGLY AND PURPOSELY DESTROY RELEVANT INFORMATION DURING THE PENDENCY OF THIS LAWSUIT.**

The Plaintiffs' eleven-count Amended Complaint seeks declaratory and injunctive relief with respect to the Township's ordinances, which are unconstitutional and illegal under federal and state law as follows: Counts I-IV assert claims under 42 U.S.C. § 1983 and allege that the Defendant deprived Plaintiffs of rights guaranteed to them by the First and Fourteenth Amendments to the United States Constitution, by discriminating against them on the basis of their religion and treating religious institutions on less than equal terms as similarly situated nonreligious institutions, by depriving Plaintiffs of their free exercise of religion, by violating the Establishment Clause, and by depriving Plaintiffs of their freedom of association. Counts V through VIII allege violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, by treating the Plaintiffs on less than equal terms with nonreligious assembly and institutional land uses, discriminating against Plaintiffs on the basis

-10-

of religion and religious denomination, and unreasonably limiting and totally excluding Plaintiffs' religious land use within the Township's jurisdiction. Counts IX asserts a claim under the Fair Housing Act, 42 U.S.C. § 3604, for making housing unavailable to Plaintiffs due to their religion. Count X asserts discrimination by Defendant against the Plaintiffs based upon religion under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*, and Count XI is a prerogative writ action seeking declaratory judgment under New Jersey law.

Plaintiffs bring this application because Defendant refuses to maintain the condition of its records during the litigation and has admitted to destroying records that are relevant to this lawsuit. Spoliating evidence, while discovery demands are still pending, while the lawsuit is still pending, and with knowledge that information cannot be destroyed if it relates to the lawsuit, is forbidden. Plaintiffs have demonstrated that, without a Court order, Defendant will continue to impede and hamper Plaintiffs' ability to prosecute their claims by destroying evidence.

Spoliation is the "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004); *see Kachigian v. Berkshire Life Ins. Co. of Am.*, No. CIV.A. 09-6217 DEA, 2013 WL 1338288, at *2 (D.N.J. Apr. 1, 2013) (D> Jennings Decl., Exh. W); *David's Bridal, Inc. v. House of Brides*, No. CV 06-5660

(SRC), 2009 WL 10690456, at *4 (D. N.J. Nov. 10, 2009) (D. Jennings Decl., Exh. V).

The Third Circuit has articulated a four-factor test for determining whether a party has engaged in spoliation: "[s]poliation occurs where: [1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Service, Inc.*, 665 F.3d 68, 73, n.5 (3d Cir.2012) ("[A] duty to preserve evidence, independent from a court order to preserve evidence, arises where there is: (1) pending or probable litigation involving the [non-spoliating party]; (2) knowledge by the [spoliating party] of the existence or likelihood of litigation; (3) foreseeability of harm to the [non-spoliating party], or in other words, discarding the evidence would be prejudicial to [them]; and (4) evidence relevant to the litigation."). The Court must also consider whether the destruction of evidence was done in "bad faith." *Bull, supra*, 665 F.3d at 79.

The documents, emails between Township officials and personnel were clearly within the control of the Township. *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. at 336 ("The e-mails of Samsung's employees were clearly within Samsung's control since the inception of this litigation.")

There is no question that correspondence relating to schools between Township Council members and Township personnel is relevant. The claims in this case include that discriminatory intent was the sole basis of enacting the Ordinances at issue. The sequence of events is important. The state *Oros* litigation was filed on or about October 15, 2014. D. Jennings Decl., Exh. U. The email which is redacted is dated October 31, 2014 and the range of emails that have been destroyed are from January 1, 2014 to January 1, 2015. D. Jennings Decl. Exh. B at p. 57-59; Exh. I. The Township was joined as a Defendant in the state *Oros* litigation in December 2016 alleging that it had discriminated against *Oros* by banning private and parochial schools in certain residential districts; those that largely border Lakewood Township. D. Jennings Decl., Exh. P.

Plaintiff Oros has alleged in that lawsuit that:

> Orthodox Jews generally seek religious schooling for their children, which requires the development of private schools.
> The exclusion of "private or parochial schools" in the R-1 zone has a discriminatory impact on Orthodox Jewish religious education land uses.
>
> The rezoning of property in Jackson Township to R-1 has a discriminatory impact upon Orthodox Jews by preventing religious education land uses near their community, which is predominantly centered in Lakewood Township.
>
> Upon information and belief, Defendants were not previously concerned about schools existing in the R-1

zoning district (or its predecessor zoning district(s)) prior
to 2009-2010.

*Id.*, Exh. P at para. 87-90.

Shortly thereafter in February 2017, Ordinances 03-17 and 04-17 were introduced by the Township to ban all schools in residential districts as well as dormitories in all districts and subsequently adopted in March 2017. Dkts. 1 & 22. A clearer road map of discriminatory intent toward the Orthodox Jewish community could not be drawn and the emails at issue are inexplicably intertwined with the motives for introducing these Ordinances.

The destruction of the documents is spoliation; the destruction of the documents while the OPRA request was pending demonstrates that this was done in bad faith.

On February 25, 2019, an OPRA request was made for "all emails and letters to and from Mike Reina, Rob Nixon, Barry Calogero, Scott Marin, Ann Updegrave and Ken Bressi with regards to Oros Bais Yaakov, girls schools, and schools between 01/01/14 thru 01/01/15." D. Jennings Decl. Exh. H at p. 3.

On March 26, 2019, the Clerk for the Township responded that "Your records requested have been destroyed as per approval from the NJDARM." Jennings Aff., Exh. B. The response referenced the "Authorization from Records Disposal approved on 3/6/19 (2009-2016) for Administration. Also Please find

Authorization from Records Disposal approved on 1/31/18 (2014), [2]/15/19 (2015) for Council." *Id.; see also* Exhs. I, J & K.

This lawsuit has been pending since 2017. The destruction of any records relating to the issues in this lawsuit since the filing of the Complaint would be a textbook definition of spoliation. Here, records were purposefully and knowingly destroyed while this lawsuit was pending, and even after this OPRA request was submitted – the OPRA request is dated February 25, 2019, and the clerk, Janice Kisty, accepted and forwarded the request for processing on February 26, 2019. On March 6, 2019, that same clerk, Janice Kisty, approved the destruction of records for general correspondence from 2009-2016. *See* Jennings Decl., Exh. I.

This is "actual suppression or withholding of evidence," *see Bull, supra., Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth . . ." citing 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d *Evidence* § 177).

It is undisputed that the Defendant had a duty to preserve the documents sought.

> An independent duty to preserve relevant evidence arises when the party in possession of the evidence knows that litigation by the party seeking the evidence is pending or probable and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded.

#10518801.1

*Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); see also discussion *infra*.

Ms. Kisty, the Clerk for the Township, despite knowledge of the lawsuit and the pending OPRA request, approved the destruction of documents. Evidence has been spoliated.[6] If the appropriate order is not entered, Defendant may well spoliate the remainder of all information in its possession before discovery is exchanged.

This lawsuit was filed in the interest of the public as a result of the actions of the injurious, prejudicial acts of the public officials towards the Orthodox Jewish community, in violation of their civil rights. Defendant is now destroying documents that demonstrate the frame of mind of the individuals involved during the relevant time period. The willful destruction of documents during the pendency of this case by the government agency is beyond cognizable comprehension and the Defendant should be sanctioned for its conduct.

---

[6] Ms. Kisty subsequently sent an email on March 29, 2019 advising that the despite the clear and unambiguous prior email of Ms. Sinowitz that the emails had been destroyed, and the corresponding documentation of proof of destruction, the emails from 2009-2016 now have "have not been destroyed, but they are no longer searchable in the same manner as before. Any further OPRA requests will be done <u>manually</u> and will take extended periods of time and effort to complete." Jennings Decl., Exh. U (emphasis in original). Even if this is true, a custodian must respond to all OPRA requests within 7 days pursuant to <u>N.J.S.A.</u> 47:1A-5.i. The custodian can request an extension of time. Here, the custodian denied the request more than seven days after it was received. The custodian is now requesting an extension of time. Regardless, the Township is in violation of <u>N.J.S.A.</u> 47:1A-5.i.

#10518801.1

## II.   DEFENDANT SHOULD BE SANCTIONED.

As the Third Circuit has explained:

> Sanctions are appropriate when there is evidence that a party's spoliation of evidence threatens the integrity of this Court. Spoliation sanctions serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been without spoliation. They also serve a punitive function, by punishing the spoliator for its actions, and a deterrent function, by sending a clear message to other potential litigants that this type of behavior will not be tolerated and will be dealt with appropriately if need be.

*Mosaid Techs. Inc.,* 348 F. Supp. 2d at 335.

To determine whether such sanctions are appropriate in a particular case, a court must consider "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 79 (3d Cir. 1994). "Potential sanctions for spoliation include: dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse inference,[7] referred to as

---

[7] An adverse inference is predicated upon the common-sense observation that when a party destroys evidence that is relevant to a claim or defense in a case, the party did so out of the well-founded fear that the contents would harm him. (cont'd. on next page...)

#10518801.1

the spoliation inference; fines; and attorneys' fees and costs. This Court has the authority to impose spoliation sanctions pursuant to the Federal Rules of Civil Procedure and this Court's inherent authority." *Mosaid Techs. Inc.,* 348 F. Supp. 2d at 332. "[The] burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial" to warrant the sanction of exclusion of evidence, even if it results in dismissal. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003).

Defendant has unequivocally and intentionally altered evidence. However, it is unknown how many documents and the nature of same beyond the documents sought by the OPRA request. The status of these documents remain in flux. The Third Circuit has recognized that, "[e]xamples of [true] prejudice are the

---

*Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 334 (3d Cir. 1995); *Schmid v. Milkaukee Elec. Tool Corp.,* 13 F.3d 76, 78 (3d Cir. 1994).

> This Court concludes that the best rule is to use the amount of prejudice to the opposing party to help to determine the degree of fault required: Where there is substantial prejudice to the opposing party, negligence may be sufficient to warrant a spoliation inference. Where there is minimal prejudice to the opposing party, intentional conduct is required.

*Katiroll Co. v. Kati Roll & Platters, Inc.,* No. CIV.A. 10-3620 GEB, 2011 WL 3583408, at *2 (D. N.J. Aug. 3, 2011) (D. Jennings Decl., Exh. X). The conduct here was intentional and Plaintiffs intend to seek this sanction in addition to the others remedies available. See also *Kounelis v. Sherrer,* 529 F. Supp. 2d at 520 (element of adverse inference is was it ". . . reasonably foreseeable to the spoliator that the evidence would be subject to discovery.")

-18-

irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubank*s, 747 F.2d 871, 876 (3d Cir. 1984).   This Court should sanction Defendant both monetarily and with the remedies available to it. In particular, Plaintiffs seek the remedies of default judgment and/or the suppression of evidence with respect to the nondiscrimination claims, i.e. Counts I (Equal Protection), V (RLUIPA-Nondiscrimination), VI (Equal Terms), VII and X (NJ LAD).   In the event this Court is not inclined to grant a default judgment, the Defendant should be precluded from introducing any evidence that the challenged ordinances were adopted for legitimate nondiscriminatory reasons.

Plaintiffs believe that before the appropriate sanctions can be determined, Defendant must determine, what, if any, documents have been destroyed and provide this information to Plaintiffs and the Court.   In the event the documents remain available in some format, Plaintiffs request that the Court compel the Defendant to identify the documents, the format in which they are presently stored, and produce same to be accessed and produced at the Defendant's expense.

Defendant destroyed the emails from 2009-2016 – the relevant period of time for this lawsuit – while this lawsuit was pending and while discovery was ongoing.   The only conclusion to be drawn is that Defendant intentionally destroyed the documents in bad faith for the purpose of hindering Plaintiffs' ability

-19-

to prosecute its claims.   Spoliation has occurred and as a result sanctions are appropriate. *Bull v. United Parcel Serv., Inc.*, 665 F.3d at 79 (". . .a finding of bad faith is pivotal to spoliation determination.").

Finally, Plaintiffs are entitled to an award of attorneys fees associated with this Motion and any supplemental briefing.   *David's Bridal, Inc. v. House of Brides*, No. CV 06-5660 (SRC), 2009 WL 10690456, at *6 (D.N.J. Nov. 10, 2009) (D. Jennings Decl., Exh. V).

#10518801.1

## <u>CONCLUSION</u>

For all the foregoing reasons, injunctive relief should be granted and Defendant should be enjoined from destroying any future documentation during the pendency of this lawsuit. Monetary sanctions should be imposed by the Court as against Defendant, namely, for Defendant's failure to maintain and for destroying its documents, and an adverse inference should be imposed on Defendant.

Respectfully submitted,

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiff WR Property, LLC


By: __/s/*Donna M. Jennings*_____
      DONNA M. JENNINGS


STORZER AND ASSOCIATES, LLC
Attorneys for Plaintiffs Agudath Israel of America
and WR Property, LLC


By: ___/s/*Sieglinde K. Rath*_____
      SIEGLINDE K. RATH
      ROMAN P. STORZER, admitted *pro hac vice*

Dated: April 12, 2019