41034.00107-HBM
LEGAL/122370190.v1
**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
Howard B. Mankoff, Esq.
Pauline F. Tutelo, Esq.
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100    📠973-618-0685
📧 hbmankoff@mdwcg.com
📧 pftutelo@mdwcg.com
ATTORNEYS FOR DEFENDANT – Township of Jackson, New Jersey

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**\*\* <u>ELECTRONICALLY FILED</u> \*\***

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company, | CASE NO.:  3:17-cv-03226-MAS-DEA |
| Plaintiffs | Civil Action |
| v. | |
| TOWNSHIP OF JACKSON, NEW JERSEY | |
| Defendant | |

**DEFENDANT, TOWNSHIP OF JACKSON, NEW JERSEY'S OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN DEFENDANT FROM CONTINUING TO SPOLIATE EVIDENCE AND FOR SANCTIONS**

On the Brief:

    Howard B. Mankoff, Esq.

## **TABLE OF CONTENTS**

**Pages**

TABLE OF CONTENTS ……………………………………………………………………ii

TABLE OF AUTHORITIES ……………………………………………………………….iii

PRELIMINARY STATEMENT ……………………………………………………………..1

THE PLAINTIFF'S MOTION TO ENJOIN SHOULD BE DENIED ……………………………3

CONCLUSION ………………………………………………………………………………6

## TABLE OF AUTHORITIES

**Pages**

### FEDERAL CASES

Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286 (2005) ……………………………………..3, 4

Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977) ……………………………………………………………………………….4, 5

Kessler Inst. For Rehabilitation v. Mayor of Essex Fells, 876 F.Supp. 641 ……………………………….3

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ……………………………………………………..4

Neale v. Volvo Cars of N. Am., LLC, 794 F.3d 353 (3d Cir. 2015) ……………………………............5

Pa. Psychiatric Soc'y v. Green Spring Health Servs., 280 F.3d 278 (3d Cir. 2002) …………………….4, 5

Raines v. Byrd, 521 U.S. 811 (1997) …………………………………………………………………....4

Storino v. Borough of Point Pleasant Beach, 322 F.3d 293 (3d Cir. 2003) …………………………..2, 3

Whitmore v. Arkansas, 495 U.S. 149 (1990) ……………………………………………………….....3

### STATE STATUTES

N.J.S.A.
  47:1A-1 ………………………………………………………………………………………..3
  47:1A-6 ………………………………………………………………………………………..3

### TREATISES

Erwin Chemerinsky, Federal Jurisdiction, 2.3.1 (1989) ……………………………………………..3

## PRELIMINARY STATEMENT

Suit was filed in this matter on May 8, 2017. [Dkt. 1]. In addition, on October 15, 2014, suit was filed on a related matter in the Superior Court of New Jersey, Law Division, Ocean County, Docket No.: OCN-L-2981-14, entitled <u>Oros Bais Yaakov High School v. Township of Jackson, N.J. and Jackson Township Zoning Board of Adjustment</u>. This same application has been filed in that action in the form of an Order to Show Cause. This application is scheduled for hearing on May 24, 2019. The plaintiffs have filed the within motion to enjoin the Township from allegedly continuing to spoliate records related to this litigation. The basis for the motion are erroneous responses to e-mails by the Township to anonymous entities that the records had been destroyed. After investigation of this issue, counsel was advised that the records had not, in fact, been destroyed. They were removed from the server and saved in a .PDF format. <u>See</u> Exhibit C, Certification of Janice Kisty at ¶4, annexed to the Declaration of Pauline F. Tutelo, Esq. Based on these representations, the plaintiffs were aware that there was no destruction of documents yet still filed this motion.

In the months prior to this application the Township has received over 700 requests pursuant to the Open Public Records Act for documents related to the issues in these two cases filed by anonymous entities. <u>Id</u>. These requests continue to increase. These erroneous representations to one of these non-party anonymous entities form the basis for this application. Counsel advised that the plaintiffs do not know the identity of these anonymous entities and that they have no connection to the plaintiffs. Interestingly, however, the plaintiffs' counsel has many e-mails from these "anonymous" entities in their possession which are being utilized to support this motion. However, if it is true that the plaintiffs have no connection with these anonymous requestors, then the plaintiffs have no standing to bring the motion.

The fact is that the overwhelming number of OPRA requests has crippled the Township's ability to perform the daily functions required to properly serve the Township residents. This is clearly a

concerted effort by the plaintiffs in these cases to harass the Township in an attempt to force settlement. The fact that the plaintiffs have filed a motion to protect the rights of these anonymous entities is proof that a relationship exists and that the plaintiffs are orchestrating the actions of these entities.

For the reasons set forth below, the plaintiffs' motion should be denied. In addition, since the plaintiffs were aware that the documents had not been destroyed prior to the filing of this unwarranted motion, the plaintiffs should be barred from including the costs for this motion in any future application to the court since the filing of the motion was unwarranted and simply to harass the Township and increase legal fees.

## THE PLAINTIFF'S MOTION TO ENJOIN SHOULD BE DENIED

The purpose of the Open Public Records Act (OPRA) is make government records accessible to the citizens of this State. See N.J.S.A. 47:1A-1. While the plaintiffs' motion is couched in a motion to enjoin "continuing spoliation" of records by the Township, it is actually seeking recourse under OPRA for the denial of access to documents by anonymous entities and non-parties to this litigation. A requestor of documents under OPRA has the right to challenge a Township's alleged wrongful destruction of documents, which would be the ultimate denial of access to records. The requestor can then seek recourse through an action in Superior Court or with the Government Records Council. See N.J.S.A. 47:1A-6.

However, it is not these anonymous entities that have filed the within motion. It is the plaintiffs. The plaintiffs allege that the Township knowingly and willfully destroyed documents relevant to the within lawsuit. The support for this motion are e-mails from anonymous entities and non-parties to this litigation. These e-mails were sent to the Township under OPRA, N.J.S.A. 47:1A-1, *et seq*. In response, Township personnel responded that the documents requested had been destroyed. After investigation, it was learned that the documents had not been destroyed but had been removed from the server and saved in .PDF format. Upon receipt of this information, this office contacted counsel and advised them of the error and the location of the documents. Despite these representations, the plaintiffs filed the within motion. For this reason alone, the plaintiffs' motion should be denied.

In addition, as a general premise, the plaintiffs lack standing to bring this motion on behalf of these anonymous entities. Standing is defined as "the determination of whether a specific person is the proper party to bring a particular matter to the Court for adjudication." Kessler Inst. For Rehabilitation v. Mayor of Essex Fells, 876 F.Supp. 641, 649-50 (quoting Erwin Chemerinsky, Federal Jurisdiction, 2.3.1 (1989)). "[T]he person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). "Plaintiff's bear the burden of proving standing." Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, 291 (2005) (quoting Storino v.

3

Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003)). In order to satisfy the requirements of federal standing, a plaintiff must establish:

> (a) [an] injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) [that] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Danvers., 432 F.3d at 290-91 (3d Cir. 2005) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Injury in fact requirements exist to "assure that litigants have a 'personal stake' in the litigation." Id. at 291. Federal courts take a more stringent approach in this regard as a "'legally and judicially cognizable' injury-in-fact must be 'distinct and palpable,' not 'abstract or conjectural or hypothetical.'" Id. (quoting Raines v. Byrd, 521 U.S. 811, 819 (1997)). While courts have not identified a distinct "formula" for establishing injury in fact, they have noted that "economic injury is one of its paradigmatic forms." Id.

In this matter, these anonymous entities to not have a standing to make this application because they are not parties. Standing to sue has not been established. In addition, there has been no showing that these anonymous entities are related in any way to the plaintiffs such that the plaintiffs are acting as their representative in this litigation. It is not an organization that is seeking redress on behalf of its members.

> The Supreme Court of the United States has enunciated a three-prong test for associational standing. An association must demonstrate that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

Pa. Psychiatric Soc'y v. Green Spring Health Servs., 280 F.3d 278, 283 (3d Cir. 2002). While these anonymous entities may have standing to sue in their own right, they are not "members" of the plaintiffs'

4

organization.  Id.  Further, the plaintiffs do not have any derivative standing for these entities for the same reason..  Id. at 291 (holding that the limitations on derivative standing, therefore, are to be determined by applying the test for associational standing specified in Hunt.)  In addition, this is not a class action where the plaintiffs have filed suit on behalf of those similarly situated.  Neale v. Volvo Cars of N. Am., LLC, 794 F.3d 353, 364 (3d Cir. 2015).  On the contrary, counsel has advised that the plaintiffs do not know who or what these entities are and that there is no connection or relationship between the plaintiffs and these entities.  If this is the case, then the plaintiffs are trying to act on behalf of others with no connection to this litigation.  It is these anonymous non-parties who must seek recourse against the Township.

Here, the plaintiffs are not alleging that the Township destroyed documents based on their OPRA requests, for which the within motion may be appropriate, but they are seeking recourse on behalf of other anonymous entities.  The plaintiffs' numerous OPRA requests were responded to by the Township with the provision of documents and, through discovery in the companion case[1] the plaintiffs have obtained documents in response to their requests.   They were never denied access to the documents requested.

More to the point, the plaintiffs were advised prior to the filing of this motion that the documents were not destroyed.  The motion in and of itself is moot. Its filing was unnecessary and improper.  The plaintiffs have provided no proof of spoliation.  Therefore sanctions against the Township are unwarranted. On the contrary, the plaintiffs' should be barred from including any legal fees related to the filing of this motion in any later application to the court as the motion was simply an attempt to harass the Township and increase legal fees.

---

[1] Oros Bais Yaakov High School v. Township of Jackson, N.J. and Jackson Township Zoning Board of Adjustment, Superior Court of New Jersey, Law Division Ocean County, Docket No.:  OCN-L-2981-14

**CONCLUSION**

For the reasons set forth above, the plaintiffs' motion should be denied and the plaintiffs should be barred from including any legal fees related to the filing of this motion in a later application.

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN
        *Attorneys for Defendant, Township of Jackson, New Jersey*

        /s/ Howard B. Mankoff
By: _____
        HOWARD B. MANKOFF, ESQ.

Dated: May 6, 2019