## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------X

**AGUDATH ISRAEL OF AMERICA,**
**and WR PROPERTY LLC,**

        Plaintiffs,

v.

**TOWNSHIP OF JACKSON, NEW**
**JERSEY,**

        Defendant.

---------------------------------------------------------X

**Civil Action No. 3:17--cv-03226-MAS-DEA**

## BRIEF IN REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN THE DEFENDANT TOWNSHIP OF JACKSON FROM CONTINUING TO SPOLIATE EVIDENCE AND FOR SANCTIONS

WILENTZ, GOLDMAN & SPITZER P.A.
Donna M. Jennings, Esq. (DJ7790)
Risa M. Chalfin, Esq. (RC3832)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiff WR Property, LLC
        -and-
STORZER AND ASSOCIATES, P.C.
Sieglinde K. Rath (SR7208)
Roman Storzer, Esq., admitted *pro hac vice*
Robert L. Greene, *admitted pro hac vice*
9433 Common Brook Road, Suite 208
Owings Mills, MD 21117
 (202) 857-9766
Attorneys for Plaintiffs Agudath Israel of America
  and WR Property, LLC

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ......................................................................................................... 2

    I.    Defendant's "Standing" Argument Is Irrelevant to This
        Motion ......................................................................................... 2

    II.    Counsel Was Not Advised that the Relevant Documents
        Were Not Destroyed. .................................................................. 7

    III.   Regardless of Whether the Township Saved Documents
        in a Different Format, Spoliation Occurs When Any
        Documents are Destroyed. .......................................................... 8

    IV.   Sanctions Are Appropriate. ...................................................... 11

CONCLUSION ................................................................................................... 15

#10627342.1

# TABLE OF AUTHORITIES

## Cases

*Danvers Motor Co. v. Ford Motor Co.,*
  432 F.3d 286 (3d Cir. 2005) ............................................................... 3

*David's Bridal, Inc. v. House of Brides,*
  No. CV 06-5660 (SRC), 2009 WL 10690456 (D.N.J. Nov. 10,
  2009) ...................................................................................................... 15

*In re Domestic Drywall Antitrust Litig.,*
  300 F.R.D. 228 (E.D. Pa. 2014) ........................................................... 9

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,*
  803 F. Supp. 2d 469 (E.D. Va. 2011) ............................................. 8, 10

*Ford Motor Co. v. Edgewood Properties, Inc.,*
  257 F.R.D. 418 (D.N.J. 2009) ....................................................... 10, 11

*Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex
  Fells,*
  876 F. Supp. 641 (D.N.J. 1995) ........................................................... 3

*McMunn v. Babcock & Wilcox Power Generation Grp., Inc.,*
  869 F.3d 246 (3d Cir. 2017), *cert. denied,* 138 S. Ct. 1012 (2018) .................. 13

*Mosaid Techs. Inc. v. Samsung Elecs. Co.,*
  348 F. Supp. 2d 332 (D.N.J. 2004) ....................................... 11, 12, 14

*Neale v. Volvo Cars of N. Am., LLC,*
  794 F.3d 353 (3d Cir. 2015) ................................................................. 3

*Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.,*
  280 F.3d 278 (3d Cir. 2002) ................................................................. 3

*Quaglietta v. Nissan Motor Co.,*
  No. CIV. A. 97-5965, 2000 WL 1306791 (D.N.J. Aug. 16, 2000),
  *aff'd,* 281 F.3d 223 (3d Cir. 2002) .................................................... 13

*Romero v. Allstate Ins. Co.,*
  271 F.R.D. 96 (E.D. Pa. 2010) ......................................................... 9, 10

#10627342.1

<u>**TABLE OF AUTHORITIES**</u> (cont'd)

<u>**PAGE**</u>

*Sarmiento v. Montclair State Univ.*,
  513 F. Supp. 2d 72 (D.N.J. 2007), *aff'd*, 285 F. App'x 905 (3d Cir.
  2008)...................................................................................................... 4

*Storino v. Borough of Point Pleasant Beach*,
  322 F.3d 293 (3d Cir. 2003) ................................................................ 3

*United Med. Supply Co. v. United States*,
  77 Fed. Cl. 257 (2007) ........................................................................ 1

*Wachtel v. Health Net, Inc.*,
  239 F.R.D. 81 (D.N.J. 2006) .............................................................. 11

*Ware v. Rodale Press, Inc.*,
  322 F.3d 218 (3d Cir. 2003).............................................................. 13

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990) ............................................................................ 3

*Zubulake v. UBS Warburg LLC*,
  220 F.R.D. 212 (S.D.N.Y. 2003) ........................................................ 8

**Rules**

Federal Rule of Civil Procedure 34......................................................... 5, 9

Federal Rule of Civil Procedure 34(b) ...................................................... 9

## **PRELIMINARY STATEMENT**

Defendant Township of Jackson ("Defendant") admits that it has deleted records related to this litigation from their computer servers.   Defendant's Opposition to Plaintiffs' Motion to Enjoin Defendant From Continuing to Spoliate Evidence and for Sanctions (Dkt. #45) at 1.   These documents related to Jackson Township and its officials' ongoing campaign against Orthodox Jews to prevent them from moving into their jurisdiction or enjoying equal protection of the laws within its borders.   The Township attempts to justify these actions by claiming that such documents were "removed from the server and saved in a .PDF format."   *Id.*

Defendant is further confused by arguing that Plaintiffs' motion is an OPRA challenge.   *Id.* at 3.   It is not, but rather addresses the destruction of documents related to <u>this litigation</u>.   Defendant's attempts to deflect from its conduct ring hollow and should be rejected.

> Aside perhaps from perjury, no act serves to threaten the integrity of the judicial process more than the spoliation of evidence. Our adversarial process is designed to tolerate human failings—erring judges can be reversed, uncooperative counsel can be shepherded, and recalcitrant witnesses compelled   to testify. But, when critical documents go missing, judges and litigants alike descend into a world of *ad hocery* and half measures—and our civil justice system suffers.

*United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 258-59 (2007).

The Defendant Township had an obligation to preserve evidence and cannot deflect from this responsibility by claiming 1) that New Jersey's OPRA statute is

relevant to and somehow controls this issue; or 2) that the documents may exist in another format.  The Defendant has <u>admitted</u> it destroyed evidence.  The Township spoliated evidence and must give a full accounting of what was spoliated. Thereafter, this Court should prevent any further destruction of evidence. Finally, especially given the Township's recalcitrance and failure to even admit any wrongdoing, the Court should impose appropriate sanctions.

## **ARGUMENT**

The Defendant's opposition to the Plaintiffs' Motion is twofold.  First, it claims that Plaintiffs do not have standing to file the within Motion.  This is based upon an argument that Plaintiffs learned from a third party that records relevant to this action had been destroyed.  Second, Defendant argues that Plaintiffs have not suffered any injury because it saved the original records as "PDF" files.  Neither of these defenses absolve the Defendant of its obligation to preserve evidence during the pendency of this litigation or invalidate the actual harm suffered by the Plaintiffs as a result of Defendant's conduct.

## I.    **Defendant's "Standing" Argument Is Irrelevant to This Motion.**

Defendant's argument that Plaintiffs "lack standing to bring this motion on behalf of these anonymous entities," is deeply flawed for several reasons.  First and foremost, standing is a threshold jurisdictional doctrine that applies to "cases or controversies," and not to individual motions filed within those cases or

controversies. *Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells,* 876 F. Supp. 641, 649 (D.N.J. 1995) (discussing standing of a plaintiff to sue); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (discussing requirements, "[t]o establish an Art. III case or controversy . . . ."); *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005) ("The sole issue before us is whether the Plaintiffs have standing to sue Ford for injuries suffered due to the Blue Oval Program."); *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 286 (3d Cir. 2002) (discussing standard for a motion to dismiss for lack of standing); *Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 358 (3d Cir. 2015) (discussing "threshold" issue of standing). Defendant has not cited a single case in which a court has examined whether a plaintiff has standing to move for certain relief in the context of an ongoing case or controversy, and it is likely that none exist as this concept is illogical. *See, e.g., Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). There is no question that Plaintiffs have standing to bring this lawsuit.

Defendant's entire basis for challenging Plaintiffs' Motion for lack of "standing" is based on its misreading of the Motion. Defendant asserts that the Motion "is actually seeking recourse under OPRA for the denial of access to

-3-

documents by anonymous entities and non-parties to this litigation." (Dkt. #45 at 3.) Further, Defendant asserts that Plaintiffs "are seeking recourse on behalf of other anonymous entities." (Dkt. #45 at 8.) There is no basis for these assertions anywhere within Plaintiffs' motion or memorandum.[1]

Plaintiffs brought their motion on their own behalf. (Dkt. #32.) They explained in the accompanying memorandum that their written discovery requests were pending at the time of the spoliation and that settlement talks were ongoing, although these have proven to be unsuccessful as the Township had not been negotiating in good faith. (Dkt. #32-1 at 6.)[2] Plaintiffs' assertions as to the harm caused by the Defendant's spoliation of relevant information is explained specifically in terms of the damage done to the Plaintiffs: "Plaintiffs bring this application because Defendant refuses to maintain the condition of its records during the litigation and has admitted to destroying records that are relevant to this lawsuit. Spoliating evidence, while discovery demands are still pending, while the lawsuit is still pending, and with knowledge that information cannot be destroyed

---

[1] Of course, the fact that Defendant appears to be destroying documents to avoid OPRA requests, *see* Jennings Dec. ¶ 3, Exh. A, is troubling in its own right, and further counsels in favor of sanctioning the Township.

[2] Even this, however, is not necessary to trigger Defendant's obligation not to destroy or alter evidence. The prevailing rule is that a defendant's obligation to preserve evidence arises "as of the time the party knows or reasonably should know litigation is foreseeable." *Sarmiento v. Montclair State Univ.*, 513 F. Supp. 2d 72, 94 (D.N.J. 2007), *aff'd*, 285 F. App'x 905 (3d Cir. 2008).

if it relates to the lawsuit, is forbidden." (Dkt. #32-1 at 15.) As explained in Plaintiffs' Memorandum in support of its Motion, there will almost certainly be overlap between the documents sought by Plaintiffs' Requests pursuant to Federal Rule of Civil Procedure 34, which form the evidentiary basis of Plaintiffs' Motion, and the OPRA requests discussed by Defendant.

The information sought by the OPRA requests is entirely relevant to the Plaintiffs' litigation and include:

> a. "all emails and letters to and from Mike Reina, Rob Nixon, Barry Calogero, Scott Marin, Ann Updegrave and Ken Bressi with regards to Oros Bais Yaakov, girls schools, and schools between 01/01/14 thru 01/01/15." Dkt. #32-2, Exh. A.

> b. "all emails between Mike Reina and Helene Schlegel in Oct 2014 with regard to the Oros bais Yaakov lawsuit or complaint." Dkt. #32-2, Exh. C.

The information requested in these OPRA requests directly relates to the claims at issue in this lawsuit, specifically that the Township Ordinances passed on March 16, 2017, No. 03-17 and 04-17, prohibiting schools from locating in the Township's residential zoning districts and prohibiting dormitories in the Township, targeted specifically the Orthodox Jewish community. (Dkt. #22.) The request sought information relating to schools in the Township, which is at the heart of the Plaintiffs' lawsuit. In addition, the Plaintiffs have served a

Request for Production of Documents on the Township which included the

following Requests:

> 8.    True and complete copies of documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of the Council, Zoning Board, Planning Board, and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, related to Ordinance No. 03-17.

> 9.    True and complete copies of documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of the Council, Zoning Board, Planning Board, and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives related to Ordinance No. 04-17.

> 11.    True and complete copies of documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of the Council, Zoning Board, Planning Board, and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives related to Ordinance No. 30-10.

> 16.    True and complete copies of documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of Council, Zoning Board, Planning Board, and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives related to the inclusion or exclusion of schools as prohibited, permitted and/or conditional uses in zoning districts throughout the Township.

> 27.    True and complete copies of documents regarding communications, including emails, between or among the Council, Zoning Board, Planning Board, and/or Township, including, but not limited to, committees as well as officials, planning professionals, employees, agents and/or representatives, the Plaintiffs or any third

#10627342.1

parties, including members of the public concerning the Orthodox Jewish community, persons or religion.

Declaration of Sieglinde K. Rath ("Rath Decl.") ¶ 3, Exh. A.

Left without any reasonable defense for their actions, Defendant attempts to rewrite Plaintiffs' Motion. This should be rejected.

## II. Counsel Was Not Advised that the Relevant Documents Were Not Destroyed.

Defendant also claims that "counsel was advised that the records had not, in fact, been destroyed." (Dkt. #45 at 1; *id.* at 5.) As set forth in the Declaration of Donna M. Jennings, Esq. ("Jennings Decl."), Plaintiffs were advised by Defendants that they would confirm that no documents had been destroyed and would provide a Certification to that effect. Jennings Decl. ¶¶ 5-6. However, despite repeated requests for same, no confirmation or Certification was provided. *Id.* ¶ 6. In the absence of either, the Plaintiffs filed an Order to Show Cause ("OTSC") on April 10, 2019 in the *Oros* state litigation to protect its rights. *Id.* ¶ 7. It was not until April 11, 2019, during the hearing on the return date of the OTSC, that Defendant represented that no documents had been destroyed, yet it still failed to produce a Certification to that effect. *Id.* ¶ 8. The within Motion was filed to protect Plaintiffs' rights in this litigation. *Id.* ¶ 9.

#10627342.1

## III.   Regardless of Whether the Township Saved Documents in a Different Format, Spoliation Occurs When Any Documents are Destroyed.

Next, Defendant attempts to minimize the impact of their tortious conduct by asserting that the information is still available in a less robust form than the original.   In Exhibit B to the Declaration of Counsel filed in opposition to Plaintiffs' Motion, Robin LaBue, Esq., an attorney with the law firm that is counsel to the Township, stated:

> <u>The documents that were destroyed were the original emails</u>. The documents have been preserved in PDF format. It was confusion on the behalf of the Township Clerk. They are inundated with requests. However, although the original "documents" were destroyed, we still have them.

(Dkt. #45-1 at 7, Exhibit B (emphasis added).)   Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).   Defendant argues, in essence, that the alteration of the electronic form of the electronically stored information does not amount to spoliation because <u>some</u> of the original information is still available to Plaintiffs.   This argument does not have a basis in the law.   *See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 506 (E.D. Va. 2011) ("Alteration of evidence is spoliation.").

Defendant's argument also ignores the reality of modern litigation, which marshals the evidence included within metadata attached to electronically stored information to find facts and often save litigation costs.   The Advisory Committee's note to the 2006 Amendment to Federal Rule of Civil Procedure 34(b) explains the rationale for allowing a party to specify the form in which electronically stored information must be produced, because

> The form of production is more important to the exchange of electronically stored information than of hard-copy materials, although a party might specify hard copy as the requested form. Specification of the desired form or forms may facilitate the orderly, efficient, and cost-effective discovery of electronically stored information.

Fed. R. Civ. P. 34; *see also In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 228, 232 (E.D. Pa. 2014) ("There is no question that the availability of ESI has promoted a beneficial improvement in the productivity of lawyers."). Defendant's material alteration of emails--from deletion of their native file format to image PDF files, which do not include metadata--has eliminated this choice for the Plaintiffs. In *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96 (E.D. Pa. 2010), the court quoted the Sedona Principles[3] that,

---

[3] "To resolve disputes regarding the production of metadata, many courts have turned to the Sedona Principles and Sedona Commentaries thereto, which are 'the leading authorities on electronic document retrieval and production.'" *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 106 (E.D. Pa. 2010) (quoting *Ford Motor Co. v. Edgewood Properties, Inc.,* 257 F.R.D. 418, 424 (D.N.J. 2009)).

> Certain metadata is critical in information management and for ensuring effective retrieval and accountability in record-keeping. Metadata can assist in proving the authenticity of the content of electronic documents, as well as establish the context of the content. Metadata can also identify and exploit the structural relationships that exist between and within electronic documents, such as versions and drafts.

*Romero*, 217 F.R.D. at 106. Put another way, "if not recovered, that electronically stored information is destroyed in the traditional sense as well. Hence, upon deletion, electronically stored information is spoliated." *E.I. du Pont de Nemours & Co.,* 803 F. Supp. 2d at 506. Because of Defendant's actions, Plaintiffs now do not have access to the data that would allow them to most effectively assess the origin and connections present in Defendant's documents. This is especially relevant here, where the Plaintiffs have alleged that various Township officials have worked in conjunction with local residents hostile to Orthodox Jews--often through email--to take various enforcement actions and adopt new laws targeting that minority population. *See* Rath Decl. ¶ 4, Exh. B.

Defendant's failure to maintain its documents in their native-file format has further robbed Plaintiffs of investigating the collection methodology for this information. In *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 427 (D.N.J. 2009), this Court observed that,

> *The Sedona Conference Best Practices Commentary on the Use of Search and Information Retrieval Methods in E–Discovery,* Practice Point 1 states that '[i]n many settings involving electronically stored information, *reliance solely on a manual search process for the*

-10-

> *purpose of finding responsive documents may be infeasible or unwarranted.* In such cases, the use of automated search methods should be viewed as reasonable, valuable, and even necessary.'

*Ford Motor Co.*, 257 F.R.D. at 427 (emphasis in original). Plaintiffs have never discussed the Defendant's search methodology for responding to OPRA requests (and, despite Defendant's repeated, unwarranted and entirely unsupported attacks, Plaintiffs have not conspired with third parties to bombard the Defendant with OPRA requests). Plaintiffs have no way of ascertaining the extent of the spoliation, or how Defendant's spoliation may have affected the limited information that is preserved in "PDF" format. The ability to electronically search Defendant's destroyed ESI is now gone. Defendant's attempts to deflect and minimize its spoliation do not change the actual harm suffered by the Plaintiffs and, as discussed below, counsel in favor of sanctions.

## IV.     **Sanctions Are Appropriate**.

Defendant's conduct is unlawful and it must be sanctioned. "The Court . . . has inherent power to police litigant misconduct and impose sanctions on those who abuse the judicial process." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) ("Sanctions are appropriate when there is evidence that a party's spoliation of evidence threatens the integrity of this Court").

"Potential sanctions for spoilation include: dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse inference, referred to as the spoliation inference; fines; and attorneys' fees and costs." *Mosaid*, 348 F. Supp. 2d at 335 (footnotes omitted).

Before the appropriate sanctions can be determined, Defendant must ascertain what documents have been destroyed and provide this information to Plaintiffs and to the Court.  In the event the documents remain available in some format, Plaintiffs request that the Court compel the Defendant to identify the documents, the format in which they are presently stored, and produce such documents at the Defendant's expense to a third party service to perform searches as may be necessary to satisfy discovery obligations.

After this step is complete, this Court should sanction Defendant for its inexcusable conduct.  In particular, Plaintiffs seek default judgment with respect to the nondiscrimination claims: Counts I (Equal Protection), V (RLUIPA-Nondiscrimination), VI (Equal Terms), VII and X (NJ LAD).  In the event this Court is not inclined to grant a default judgment, the Defendant should be precluded from introducing any evidence that the challenged ordinances were adopted for legitimate nondiscriminatory reasons.

This Court should have no difficulty imposing the "lesser" sanction of excluding evidence, given the abundant showing of bad faith, as Defendant

#10627342.1

destroyed the emails from 2009 through 2016 while this lawsuit was pending and while discovery was ongoing. *Quaglietta v. Nissan Motor Co.*, No. CIV. A. 97-5965, 2000 WL 1306791, at *2 (D.N.J. Aug. 16, 2000), *aff'd,* 281 F.3d 223 (3d Cir. 2002) (explaining that "exclud[ing] evidence that is unfairly prejudicial in light of the spoliation" is effective "because it can put the parties on a level playing field and deter future discovery violations."). Indeed, in *Quaglietta* the Court excluded evidence without analyzing the spoliator's intent--which in this case, favors exclusion. Exclusion is an appropriate remedy in spoliation cases, even if it results in dismissal, because the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Ultimately, Defendant's actions have prejudiced Plaintiffs and thus this Court should exclude any evidence that the challenged ordinances were adopted for legitimate nondiscriminatory reasons.

Plaintiffs also seek a spoliation inference. "In spoliation cases, where there is evidence that one party has destroyed or altered evidence, the opposing party can obtain a 'spoliation inference,' that the destroyed evidence would have been unfavorable to the position of the offending party." *McMunn v. Babcock & Wilcox Power Generation Grp., Inc.*, 869 F.3d 246, 268 (3d Cir. 2017), *cert. denied*, 138

S. Ct. 1012 (2018) (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78

(3d Cir. 1994)).

> In order for the spoliation inference to apply, four essential factors must be satisfied. First, "it is essential that the evidence in question be within the party's control." *Brewer,* 72 F.3d at 334 (citing *Gumbs v. International Harvester, Inc.,* 718 F.2d 88, 96 (3d Cir. 1983)). Second, "it must appear that there has been actual suppression or withholding of the evidence." *Id.* Third, the evidence destroyed or withheld was relevant to claims or defenses. *Scott,* 196 F.R.D. at 248; *Veloso v. Western Bedding Supply Co.,* 281 F. Supp. 2d 743, 746 (D.N.J. 2003). And fourth, it was reasonably foreseeable that the evidence would later be discoverable. *Scott,* 196 F.R.D. at 248; *Veloso,* 281 F. Supp. 2d at 746.

*Mosaid*, 348 F. Supp. 2d at 335-36.

Here, as discussed comprehensively in Plaintiff's initial motion (Dkt. #32-1 at 12-16), these four factors are easily satisfied. First, the documents, emails between Township officials and personnel, were clearly within the control of the Township. Next, there was actual withholding of the evidence because the Township destroyed documents during the pendency of this lawsuit. Under the third factor, there is no question that correspondence between Township Council members and Township personnel relating to schools is relevant, as the claims in this case include that discriminatory intent was the sole basis of enacting the Ordinances at issue, and these documents would shed light on the Defendant's motives. And lastly, it was reasonably foreseeable that the evidence would later be

#10627342.1

discoverable.  Defendant destroyed the emails from 2009 through 2016 while this lawsuit was pending and while discovery was ongoing.

Lastly, Plaintiffs also seek attorney's fees associated with the original motion and this supplemental briefing.  *David's Bridal, Inc. v. House of Brides*, No. CV 06-5660 (SRC), 2009 WL 10690456, at *6 (D.N.J. Nov. 10, 2009) (awarding attorney's fees "in connection with Plaintiffs' motion for spoliation, which will include attorney's fees related to the supplemental briefing and any other reasonable counsel fees associated with same.").

Ultimately, in no small part because Defendant refuses to admit its error and to deter them from continuing to spoliate evidence and prejudice the Plaintiffs in this manner, it must be sanctioned.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court grant their Motion and issue appropriate sanctions including an award of attorneys fees.

Dated: May 20, 2019

**STORZER & ASSOCIATES, P.C.**

/s/Sieglinde K. Rath
Sieglinde K. Rath
Roman P. Storzer, *admitted pro hac vice*
Robert L. Greene, *admitted pro hac vice*
9433 Common Brook Road, Suite 208
Owings Mills, MD 21117

*Counsel for Plaintiffs*

-15-

**WILENTZ, GOLDMAN & SPITZER, P.A.**

/s/ Donna M. Jennings
Donna M. Jennings
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095

*Co-Counsel for Plaintiff, WR Property LLC*

#10627342.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY      that on this 20th day of  May, 2019, the foregoing

document was electronically filed via the Court's ECF system with notices to the

following:

> Howard B. Mankoff, Esquire
> Marshall Dennehey Warner Coleman & Goggin
> 425 Eagle Rock Avenue, Suite 302
> Roseland, New Jersey 07068
> (973) 618-4118
> hmankoff@mdwcg.com
>
> Pauline F. Tutelo, Esquire
> Marshall Dennehey Warner Coleman & Goggin
> 425 Eagle Rock Avenue, Suite 302
> Roseland, New Jersey 07068
> (973)618-4100
> pftutelo@mdwcg.com

**WILENTZ, GOLDMAN & SPITZER, P.A.**

/s/ Donna M. Jennings_____
        Donna M. Jennings
        90 Woodbridge Center Drive
        Post Office Box 10
        Woodbridge, New Jersey 07095

# 10627342.1