## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AGUDATH ISRAEL OF AMERICA, a New
York non-profit corporation, and WR
PROPERTY LLC, a New Jersey limited
liability company,

               Plaintiffs,

      v.

TOWNSHIP OF JACKSON, NEW JERSEY,
MICHAEL REINA, ROBERT NIXON,
HELENE SCHLEGEL, JEFFREY PURPURO,
WILLIAM CAMPBELL, and KENNETH
PIESLAK,

               Defendants.

Civ. No. 3:17-DV-03226

### DECLARATION OF SIEGLINDE K. RATH

Sieglinde K. Rath declares as follows, pursuant to 28 U.S.C. § 1746:

1.  I am an associate attorney with Storzer & Associates, P.C., attorneys for the Plaintiffs and make this declaration in that capacity.

2.  I respectfully submit this Declaration in support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Enjoin the Defendant Township of Jackson from continuing to Spoliate Evidence and for Sanctions.

3.  A true and correct copy of Plaintiffs' First Request to Produce Documents to the Township of Jackson, New Jersey served by Plaintiffs on Defendant Township of Jackson is attached hereto as **Exhibit A**.

1

4.    A true and correct copy of Bates-stamped emails produced to the Plaintiff by

Defendant, Township of Jackson, in the state litigation captioned as *Oros Bais Yaakov*

*High School v. The Zoning Board of Adjustment for the Township of Jackson, et al.,*

Docket No. OCN-PW-L-2981-14, pending in the Superior Court of New Jersey, Law

Division, Ocean County are attached hereto as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2019

_____
Sieglinde K. Rath (07049)
Storzer & Associates, P.C.
9433 Common Brook Road
Suite 208
Owings Mills, Md 21117
(202) 857-9766

2

# Exhibit A

Donna M. Jennings, Esq. (Atty. ID #017281995)
WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
732.636.8000

Robert L. Greene, Esq. (admitted pro hac vice)
Storzer & Associates, P.C.
1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036
202.857.9766

Attorneys for Plaintiff Oros Bais Yaakov High School

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
OCEAN COUNTY
DOCKET NO. PW-L-2981-14

------------------------------X
                              :
OROS BAIS YAAKOV HIGH         :
SCHOOL,                       :
                              :          Civil Action
          Plaintiff,          :
                              :     **PLAINTIFF'S FIRST**
v.                            :     **REQUEST FOR DOCUMENTS**
                              :     **FROM DEFENDANT THE**
THE ZONING BOARD OF           :     **TOWNSHIP OF JACKSON**
ADJUSTMENT FOR THE TOWNSHIP   :
OF JACKSON; and THE TOWNSHIP  :
OF JACKSON,                   :
                              :
          Defendant.          :
------------------------------X

TO:  Jean Kephart Cipriani, Esq.
     Gilmore & Monahan
     PO Box 1540
     Toms River, New Jersey 08754
     Attorneys for Defendant Township of Jackson

#8894738.1

MADAM:

      **PLEASE TAKE NOTICE** that pursuant to R. 4:18-1, plaintiff Oros Bais Yaakov High School ("Plaintiff") requests that defendant Township of Jackson ("Township") produce all documents requested below within the time and in the manner required by the New Jersey Rules of Court, at the offices of Wilentz, Goldman & Spitzer, P.A., 90 Woodbridge Center Dr., Woodbridge, New Jersey, or at such other time and place as may be mutually agreed upon, for the purpose of permitting the attorneys for Plaintiff to inspect, copy or photograph said documents which are in the possession, custody or control of Township.

                    WILENTZ, GOLDMAN & SPITZER, P.A.
                    Attorneys for Plaintiff

                  By:                         
                    DONNA M. JENNINGS

Dated:    December 15, 2016

## GENERAL INSTRUCTIONS

1.    Each request for production of documents herein shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover further documents called for herein between the time of responding to this request and the time of any hearing or trial in this action.

2.    In complying with Plaintiff's request for production of documents, you are required to produce any and all documents requested which are in your possession, custody or control or that of your attorneys, agents or representatives including, but not limited to, documents or tangible things which you or any of your attorneys, agents or representatives have a legal right to obtain, or have the ability to obtain from sources under your control.

3.    If any request for production of documents herein cannot be complied with in full, it shall be complied with to the extent possible accompanied by an explanation as to why full compliance is not possible.

4.    Each document and/or other tangible thing shall be produced as kept in the usual course of business and shall be produced in such a fashion as to clearly indicate the identity of the file in which such document was located.

#8894738.1

5.    If the attorney-client, work product or other privilege is claimed as to any documents requested herein, in lieu of production, list: (a) the date the document was prepared, (b) the names of its authors, (c) the names of persons to whom it was directed or circulated, (d) its nature (e.g., letter, memorandum, etc.), (e) its subject matter, and (f) the basis for the claim of privilege.  You shall also prepare and produce a privilege log, setting forth each document to which a privilege is claimed, the nature of the privilege claimed, and a description of each document for which a privilege is claimed. If the objected to information contains relevant, non-objectionable matter, such relevant, non-objectionable matter must be disclosed.

6.    The use of the singular form of any word includes the plural, and vice versa.

7.    In the event that any document and/or tangible thing covered by this request has been lost, mislaid, mutilated or destroyed, a list is to be furnished identifying each such document that has been lost, mislaid, mutilated or destroyed, together with the following information:  (a) a description of the type of document (e.g., letter, invoice, report), the subject matter of the document, its date of writing, creation or publication, identification of each person for whom the document

-4-

was prepared and to whom it was delivered or mailed or who otherwise received it, its last known custodian; (b) the date or the approximate date of the loss, misplacement, mutilation or destruction of the documents; (c) in the case of a mutilated or destroyed document, the name of the person or persons who authorized the mutilation or destruction of the document; (d) the name of the person or persons who lost, misplaced, mutilated or destroyed the document; and (e) in the case of a document that was once in your possession, custody or control or that of your attorneys, agents, or representatives but is no longer in your or their possession, custody or control, a description of the type of document (e.g. letter, invoice, report), the subject matter of the document, its date of writing, creation or publication, identification of each person for whom the document was prepared and to whom it was delivered or mailed or who otherwise received it, its last known custodian, the date on which the circumstances under which the document was disposed of, or surrendered or otherwise left your possession or the possession of your attorneys, agents or representatives, the identification of its present custodian, and the location of such document; and (f) the paragraph(s) or subparagraphs(s) herein to which the document is responsive.

-5-

8.   If a request for production is objected to in part, the objected to part should be identified, the reasons for the objections fully stated, and a complete answer to the remaining portions provided.

9.   Unless otherwise specified, the time period for the production of documents is from January 1, 1996 to the present.

-6-

## **DEFINITIONS**

1.  "Document" or "documents" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts of the following items, whether handwritten, printed, typewritten, recorded, electronically or magnetically recorded, graphic or photographic matter, namely: pleadings; depositions; affidavits; certifications; declarations; judicial opinions; judicial orders; correspondence; letters; telegrams; telexes/teletype; memoranda; drafts; financial statements; tax returns; ledgers; accounting records; checks; reports; computer printouts, or other transcribed matter, however produced or reproduced; written communications; notes; lists; analyses; work papers; summaries of personal conversations or interviews; calendars; minutes or records of meetings or conferences; blueprints; drawings; graphs; charts; studies; lab reports; endorsements; advertisements; labels; test results; books; plans; proofs; tabulations; pamphlets; periodicals; photographs; receipts; prospectuses; applications (patent or otherwise); tape recordings; video recordings; computer tapes; contracts; agreements; worksheets; records; computer records; telephone records; bills or invoices; purchase orders; announcements; diaries; notebooks; logs; plans; agenda; projections;

-7-

transcripts; confirmations; interoffice communications; emails; text messages; opinions or reports of consultants; or other embodiments of all data stored in any computer or word processing equipment.

Each request for a document or documents shall be deemed to call for the production of the original document or documents to the extent they are in, or subject to, your control, directly or indirectly.   In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft, or from each other (e.g. by reason of handwritten notes or comments having been added to one copy of a document, but not on the original or other copies thereto).

Further, with respect to such documents, all sources are intended to be encompassed including, but not limited to, any other party to the lawsuit or any other person or entity that has communicated with you on the subject matter covered by this or any other lawsuit.

2.   "Other Tangible Things" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies or replications and prototypes of the following items, namely:   models, specimens, commercially manufactured

-8-

items and other devices.

     3.  "Correspondence" means, in addition to its ordinary meaning, any recording, memoranda or notes (handwritten or otherwise), of conversations, telephone calls or other communication.

     4.  "Communication", "communicate" and/or "communicated" means any contact, whether in person, in writing, by telephone, or any other method whereby knowledge, facts, or information is transmitted from one person or entity to another, or to a file.

     5.  "Lawsuit" or "Litigation" shall mean the action pending in the Superior Court of New Jersey, Law Division, Ocean County captioned <u>Oros Bais Yaakov High School v. Zoning Board of Jackson Township</u>, Docket No. OCN-L-2981-14.

     6.  "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

     7.  "Person" shall mean any individual, natural person, group of natural persons whether acting as individuals or in a collegial capacity, firm, affiliate department, partnership, sole proprietorship, association, corporation, group association, joint venture or other legal, business, social or governmental entity, whether incorporated or

-9-

unincorporated, and shall additionally include the plural form of person, i.e. "persons."

8. "Plaintiff" shall mean Oros Bais Yaakov High School.

9. "Board" shall mean the Zoning Board of Adjustment for the Township of Jackson, all representatives, members, and/or agents.

10. "Township" shall mean the Township of Jackson, all representatives, members, and/or agents.

11. "Defendants" and/or "You" shall mean the Township, individually or collectively, and all representatives, members, and/or agents acting on behalf of the entities.

12. "Subject Property" means 38 Cross Street, Block 21401, Lot 6, Jackson Township, New Jersey.

13. "Application" shall mean the application filed on August 16, 2013 with the Zoning Board of Adjustment for the Township of Jackson for the Subject Property.

14. "Date" means the exact day, month and year if ascertainable; if not exactly ascertainable, then the closest approximation that can be made in terms of days, months and years, seasons, or in relation to other events or matters.

15. The terms "all" and "each" shall be construed as all and each.

-10-

16.  The terms "refer or relate to" and "regarding" means describing, evidencing, constituting, mentioning, being connected with or reflecting upon a stated subject matter.

17.  "Concerning" means constituting, referring, relating or in any way connected to the subject matter.

18.  "Possession, custody or control" means actual or constructive possession, custody or control by Sidney at any time up to and through the trial of this litigation.

19.  "Identify", "identity" or "identification" means, when used in reference to:

     (a)  a natural person, his or her:

         (1)  full name;

         (2)  present or last-known home and business address (including street name and number, city or town, state and zip code);

         (3)  social security number; and

         (4)  present or last-known position, business affiliation and job description.

     (b)  a company, corporation, association, partnership or any legal entity other than a natural person, its:

-11-

       (1)    full name and type of organization or entity;

       (2)    address or principal place of business; and

       (3)    jurisdiction and date of incorporation or organization.

(c)   a document:

       (1)    a description (e.g., letter, memorandum, report, etc.);

       (2)    its title and date, and the number of pages therein;

       (3)    its subject matter;

       (4)    the identity of its author, signer, and any person who participated in its preparation;

       (5)    the identity of its addressee or recipient;

       (6)    the identity of each person to whom copies were sent and each person by whom copies were received; and

       (7)    its present location and the identity of its custodian (if any such document was, but is no longer in the possession

-12-

#8894738.1

of or subject to the control of, state what and when disposition was made of it).

(d) an oral communication:

(1) the date, time and place it occurred;

(2) the complete substance of the communication; and

(3) the identity of each person to whom such communication was made, each person by whom such communication was made, and each person who was present when such communication was made.

#8894738.1

## DOCUMENTS REQUESTS

1.    All documents referenced, identified, or reviewed by You in answering the Interrogatories.

2.    All insurance policies under which a person carrying on an insurance business might be liable to pay to You or on Your behalf all or part of the damages sought in this action.

3.    All documents related to any Township Code amendments and/or revisions regarding the R-1 zoning district within the Township, including but not limited to documents related to Ordinance No. 30-10.

4.    All documents related to any Township Code amendments and/or revisions regarding schools, private, parochial or public, and/or educational institutions.

5.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Jackson Township public bodies, including, but not limited to, the Jackson Township Council, Jackson Township Planning Board, and Township committees as well as Jackson Township officials, employees, agents and/or representatives, related to the creation of, selection of properties for, regulation of land uses within, and zoning or rezoning of property within the R-1 zoning district.

6.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Jackson Township public bodies, including, but not limited to, the Jackson Township Council, Jackson Township Planning Board, and Township committees as well as Jackson Township officials, planning professionals, employees, agents and/or representatives, related to the inclusion or exclusion of private, parochial or public schools as permitted and/or conditional uses within the R-1 zoning district.

7.    All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Jackson Township public bodies, including, but not limited to, the Jackson Township Council, Jackson Township Planning Board, and Township committees as well as Jackson Township officials, planning professionals, employees, agents and/or representatives, related to the inclusion or exclusion of

-14-

private, parochial or public schools as permitted and/or conditional uses within the NC Neighborhood Commercial zoning district.

8. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Jackson Township public bodies, including, but not limited to, the Jackson Township Council, Jackson Township Planning Board, and Township committees as well as Jackson Township officials, planning professionals, employees, agents and/or representatives, related to the delineation of the boundaries of R-1 residential zoning districts within the Township.

9. All documents, including, but not limited to transcripts, reports, minutes, resolutions, and correspondence, of all Township public bodies, including, but not limited to, the Jackson Township Council, Jackson Township Planning Board, and Township committees as well as Jackson Township officials, employees, agents and/or representatives, related to the creation of Section 244-47 of the Township Code.

10. All documents relating to any land use applications that have been filed with Jackson Township, including applications for variances, special exception, conditional uses, site plan, subdivision, building permits, rezoning, appeals, interpretations or otherwise, for schools, private, parochial or public and/or educational institutions within Jackson Township.

11. All documents related to Plaintiff's Application, filed with the Board August 16, 2013, including, but not limited to, applications, submissions, transcripts, recordings, communications, analyses, reports, charts, maps, graphs, exhibits, minutes, testimony, letters, photographs, videos, slides, permits and decisions.

12. All documents relating to the use of the Subject Property by Plaintiff or current or prior owner.

13. All documents relating to any land use applications that have been filed with respect to the Subject Property, including applications for conditional uses, variances, site plan, subdivision, building permits, rezoning, appeals, and/or interpretations.

-15-

14.   All documents relating to communications between or among the Township Council, the Board, the Jackson Township Planning Board, and any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township or with the Jackson Township Zoning Hearing Board, the Plaintiff or any third parties concerning the Plaintiff's proposed use of the Subject Property, including the Application for variance filed by Plaintiff.

15.   All documents related to the Township's land use regulations concerning schools, private, parochial or public and/or educational institutions, within the Township.

16.   All documents regarding the Township's 2009 Master Plan or any reexamination of same.

17.   All documents concerning any public comment of any nature on the 2009 Master Plan.

18.   All documents regarding the Land Use Element of the 2009 Master Plan.

19.   All documents regarding the Housing Plan Element of the 2009 Master Plan.

20.   All documents regarding the 2009 Master Plan's compatibility or consistency with other regional plans.

21.   All documents regarding the Utility Service Plan Element of the 2009 Master Plan.

22.   All documents regarding the Jackson Township Municipal Utilities Authority and the 2009 Master Plan.

23.   All documents regarding the Ocean County Utilities Authority and the 2009 Master Plan.

24.   All documents exchanged between the New Jersey Department of Environmental Protection and the Township regarding the Proposed Sewer Service Area of the Township in the 2009 Master Plan.

-16-

25.  All documents exchanged between Lakewood Township and the Township regarding the Proposed Sewer Service Area of the Township in the 2009 Master Plan.

26.  All documents regarding any Traffic Volume Map included in the 2009 Master Plan.

27.  All documents regarding how the 2009 Master Plan is consistent or inconsistent with the Ocean County Comprehensive Master Plan.

28.  All documents regarding how the 2009 Master Plan is consistent or inconsistent with the New Jersey State Plan.

29.  All documents regarding how the 2009 Master Plan is consistent or inconsistent with the existing zoning regulations and/or municipal plan in Lakewood Township.

30.  All documents regarding the Proposed Sewer Service Area of the Township in the 2009 Master Plan.

31.  All documents regarding school facilities and the 2009 Master Plan.

32.  All documents relating to any lawsuits, challenges, applications or claims of any nature made or filed against the Township asserting violations of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

33.  All documents relating to any lawsuits, challenges, applications or claims of any nature made or filed against the Township asserting violations of the United States Constitution and/or 42 U.S.C. 1983 based upon a party's religious exercise and expression.

34.  The current Code of Jackson Township.

35.  The current zoning map of Jackson Township.

36.  The current version of any zone plan, master plan, comprehensive plan or similar document of Jackson Township.

37.  All prior versions of any zone plan, master plan, comprehensive plan or similar document of Jackson Township.

-17-

38.   All documents relating to traffic impacts at or near the Subject Property related to the Plaintiff's proposed use of same, including, but not limited to, the impact on and/or change to traffic patterns, the impact on and/or change to traffic volume, widening of roads and/or access to the subject property.

39.   All documents relating to traffic studies, data or reports related to traffic on Cross Street.

40.   All documents relating to impact to parking and/or parking spaces at or near the subject property relating to the Plaintiff's proposed use of same, including, but not limited to, the impact on and/or change to parking at the subject property, the impact on and/or change to current parking volume, and the uses for which additional parking may/shall be needed.

41.   All documents exchanged between Lakewood Township, or any of its committees or bodies and the Township, or any of its committees or bodies regarding the Plaintiff's proposed use of the Subject Property and/or Plaintiff's Application.

42.   All documents regarding communications between the Township, or any of its committees or bodies and the Lakewood Township School District regarding the Plaintiff's proposed use of the Subject Property and/or Plaintiff's Application.

43.   All documents regarding busing of students to and from the Subject Property.

44.   All documents regarding busing of students to and from Lakewood Township and Jackson Township.

45.   All documents regarding curricula, classes, core content standards and/or graduation rates for the proposed high school at the Subject Property.

46.   All documents regarding sewer service and/or the proposed septic system at the Subject Property with respect to Plaintiff's Application.

47.   All documents regarding the purpose and/or intent of the R-1 Residential Zone.

-18-

48. All documents regarding the purpose and/or intent of the NC Neighborhood Commercial Zone.

49. Any circulation plan for the Township.

50. All documents regarding traffic within the Township, including any traffic management database and/or traffic studies.

51. All documents regarding a Capital Improvement Plan with respect to municipal roads within the Township.

52. All documents exchanged between the Township and Ocean County, including, but not limited to the Ocean County Planning Board, regarding the 2009 Master Plan.

53. All documents exchanged between the Township and the State of New Jersey regarding the 2009 Master Plan.

54. All documents exchanged between the Township and Lakewood Township regarding the 2009 Master Plan.

55. All documents regarding Smart Growth within the Township and the Master Plan.

56. All documents regarding the Master Plan update.

57. All documents concerning a community facilities plan pursuant to N.J.S.A. 40:55D-28(6).

58. All documents concerning an educational facilities plan pursuant to N.J.S.A. 40:55D-28(15).

59. All documents concerning a land use plan pursuant to N.J.S.A. 40:55D-28(2).

60. All documents regarding Sustainable Development and the 2009 Master Plan.

61. All documents regarding Low Impact Development and the 2009 Master Plan.

62. All documents received from members of the public regarding the 2009 Master Plan.

-19-

63. All surveys or other documents sent to members of the public regarding the 2009 Master Plan.

64. All documents received from the Township's elected or appointed officials regarding the 2009 Master Plan.

65. All surveys or other documents sent to the Township's elected or appointed officials regarding the 2009 Master Plan.

66. All notices regarding the 2009 Master Plan.

67. All drafts of the 2009 Master Plan.

68. All documents regarding changes to the initial draft by You to the 2009 Master Plan.

69. All agendas for any and all meetings regarding the 2009 Master Plan.

70. All minutes, notes, or other documents concerning meetings with respect to the 2009 Master Plan.

71. All documents regarding the Joint Land Use Study reexamination in 2011.

72. All documents regarding the Land Use Plan outside of the Pinelands Area.

73. All documents regarding the Plan Maps in section 3.0 of the 2009 Master Plan.

74. All documents regarding the Build out analysis in section 4.0 of the 2009 Master Plan.

75. All documents regarding Land Use Plan Changes in section 5.0 of the 2009 Master Plan as it relates to the R-1 zone.

76. All documents regarding Table E-6 of the Master Plan.

77. All documents regarding communications between or among You, and the Township, Township Council, the Planning Board, and any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons

-20-

acting or purporting to act on behalf of the Township, Plaintiff, or any third parties concerning the 2009 Master Plan.

78. Attach any and all documents regarding communications between or among the Board and the Township, Township Council, the Planning Board, and any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, Plaintiff, or any third parties, including members of the public  concerning the Orthodox jewish community, persons or religion.

-21-

# Exhibit B

----- Original Message -----
From: "Robert A Nixon" <councilmannixon@jacksontwpnj.net>
To: "Helene Schlegel" <hschlegel@jacksontwpnj.net>
Cc: "Kenneth Pieslak" <kpieslak@jacksontwpnj.net>, "Jean L
Cipriani" <jlc@gm-law.net>, "Michael Reina"
<mikereina@jacksontwpnj.net>
Sent: Monday, June 27, 2016 12:49:01 PM
Subject: Re: 41 Pitney/12 Brookwood

May I request a meeting on these issues please before monitoring
these homes ends. I had another complaint about 12 Brookwood I
forward you and that has been at least 2 months of activity. And
I also want to discuss my concerns with Pitney.

Can we briefly discuss tomorrow night?

Thanks.

Rob Nixon
Council President

----- Original Message -----
From: Helene Schlegel <hschlegel@jacksontwpnj.net>
To: Kenneth Pieslak <kpieslak@jacksontwpnj.net>
Cc: Robert A Nixon <councilmannixon@jacksontwpnj.net>, Jean L
Cipriani <jlc@gm-law.net>, Michael Reina
<mikereina@jacksontwpnj.net>
Sent: Mon, 27 Jun 2016 12:18:40 -0400 (EDT)
Subject: Re: 41 Pitney/12 Brookwood

Ken,

Thank you for your diligence, however, after two weekends of
monitoring and nothing significant, I do not see the need for
further overtime on this matter. Any further overtime, unless an
emergency, must be pre-approved by administration. We have
already expended too many tax dollars on this one property to
find that there is no issue. Many of these reports appear to be
exaggerated causing us unnecessary expense. Thanks.

Respectfully,

Helene Schlegel, MS, MPP, CPM
Business Administrator

TWP000049

Zimbra                                              https://mail.jacksonnj.net/h/printmessage?id=2ffcb394-c6d8-43e7-a...

Kenneth J. Pieslak
Code Compliance Supervisor
Jackson Township
95 W. Veterans Hwy., Jackson, NJ 08527
732.928.1200 ext. 1231
732.833.0603 (fax)



**From:** "Robert A Nixon" <councilmannixon@jacksontwpnj.net>
**To:** "Kenneth Pieslak" <kpieslak@jacksontwpnj.net>
**Cc:** "Helene Schlegel" <hschlegel@jacksontwpnj.net>, "Jean L Cipriani"
<jlc@gm-law.net>
**Sent:** Tuesday, June 7, 2016 11:55:06 AM
**Subject:** House of Worship allegations

I have been contacted by residents regarding two separate properties in
town that allegedly are being used as a house of worship outside of
Township code.
12 Brookwood Parkway has allegedly been used for the last several
weeks for Christian services of some variety.  Every Saturday night
starting around 7pm until around 1030pm residents tell me at least
20-30 vehicles park up and down Brookwood Parkway and the
surrounding streets and up to 40-50 people, dressed and carrying books
as if going to a service, enter the aforementioned address.  The home is
a rental property, small and somewhat unkempt.

I have recently been contacted as well alerting me to the possible use of
41 Pitney Lane as a house of worship.  The number of vehicles arriving
on Friday evenings and staying into Saturday have been growing in
recent weeks.

11/2/2017, 3:04 PM

TWP000054

Please advise if you require any more information and what can be done regarding investigating and addressing these concerns.

Rob Nixon
Council President

---

## Re: House of Worship allegations

**From :** Jean L Cipriani <jlc@gm-law.net>          Tue, Jun 07, 2016 02:47 PM

**Subject :** Re: House of Worship allegations

**To :** Kenneth Pieslak <kpieslak@jacksontwpnj.net>

**Cc :** Robert A Nixon
<councilmannixon@jacksontwpnj.net>, Helene
Schlegel <hschlegel@jacksontwpnj.net>

The best chance of the Township being able to survive a legal challenge to any enforcement action would be to follow these standards culled from case law:

When the attendance exceeds that of a small assemblage. Regular and repeated groups in excess of 25 people the attendance of which impacts and transforms the residential character of the neighborhood – noise, disturbances, parking issues

When the activity is not confined to the privacy of one's own home

When the activity is of such a nature as to become the principal use of the structure

Frequent special events with a high attendance – 75+ people

When the regular and repeated gatherings where the number of attendees exceeds what would be the fire code occupancy limitations for the size of the structure

TWP000055

DISTRIBUTION or use of any of the information contained in or attached
to this transmission is STRICTLY PROHIBITED. If you have received this
transmission in error, please forward same to sender and destroy the
original transmission and its attachments without reading or saving in any
manner.

-------- Original message --------
From: Jessica DeWysockie <jdewysockie@gmail.com>
Date: 10/1/2015 6:54 AM (GMT-05:00)
To: Michael Reina <mikereina@jacksontwpnj.net>
Cc: Helene Schlegel <hschlegel@jacksontwpnj.net>, Jeff Purpuro
<jpurpuro@jacksontwpnj.net>
Subject: Re: Jackson Township: Structures

Mr. Reina,

The one that I have seen on numerous occasions is on Danielle Court...not
sure the number. 36 I believe.  I'm not exactly sure what it is for but after
speaking to members of the community last night I believe they are called
sukkahs.  Used for Jewish celebration.  Although I have no issue with how
members of our community celebrate their holidays I am concerned with
the placement of said structure.

On Sep 30, 2015 9:08 PM, "Michael Reina"
<mikereina@jacksontwpnj.net> wrote:
Jeff,

So I can better understand this conversation who is the one that is
calling these "accessory structures"? What accessory purpose do they
serve, what is the capacity and the benefit of having a tent like structure
placed in the front of any house? There seems to be a concern township
wide and I do see this issue even being "temporary" an eyesore and a
bad precedent to be setting in residential communities. In all my years
residing in this town I have never seen a accessory structure in a
residential front yard with the exception of what we know as PODS,
which mostly assist residents during remodels or getting ready to move.
Kindly advise this office with written documentation of where this
originated from and when. Thank you.

TWP001865

https://mail.jacksonnj.net/h/printmessage?id=2ffcb394-c6d8-43e7-ab...

Sincerely,

Michael Reina

Mayor
Jackson Township
95 West Veterans Highway
Jackson NJ 08527
Office 732-928-1200 ext.1211
Fax   732-928-2613
mikereina@jacksontwpnj.net

CONFIDENTIALITY NOTICE: This electronic message contains information from
the Jackson Township Mayors office. This e-mail and any files attached may
contain confidential information that is legally privileged. If you are
not the intended recipient, or a person responsible for delivering it, you
are hereby notified that any DISCLOSURE, COPYING, DISTRIBUTION or use of
any of the information contained in or attached to this transmission is
STRICTLY PROHIBITED. If you have received this transmission in error,
please forward same to sender and destroy the original transmission and
its attachments without reading or saving in any manner.

----- Original Message -----
From: "Jessica DeWysockie" <jdewysockie@gmail.com>
To: "Jeff Purpuro" <jpurpuro@jacksontwpnj.net>
Cc: "Helene Schlegel" <hschlegel@jacksontwpnj.net>, "Michael Reina"
<mikereina@jacksontwpnj.net>
Sent: Wednesday, September 30, 2015 3:14:42 PM
Subject: Re: Jackson Township: Structures

Thanks Jeff,

I don't want to be a pain and I appreciate your help.  I was always
under the Impression that Accessory buildings were not permitted in
front yards as described in 244-47.  Sheds are not permitted in front
yards. However, I don't know what this structure is, it doesn't seem like
the owners are moving it to the back (which would make me believe it's
not a shed, but it's way too small to be a garage).

TWP001866

https://mail.jacksonnj.net/h/printmessage?id=2ffcb394-c6d8-43c7-ab...

How do we address this going forward?  Are there meetings during the
year that I can address this concern?  I'd think that even permitting this
to be in the front of a yard is quite an eye sore.

Have a great rest of the week and let's hope this storm passes with a
sprinkle of rain.
Jessica


Sent from my iPad

> On Sep 30, 2015, at 2:46 PM, Jeff Purpuro
<jpurpuro@jacksontwpnj.net> wrote:
>
> I'm calling them accessory structures, which can be installed in the
front yard, so long as the front yard setback is not encroached upon.
>
>
> Jeffrey Purpuro
> Jackson Township Zoning Officer
> 95 W.Veterans Hwy. Jackson, NJ 08527
> 732.928.1200 ext. 1240
> 732.928.1397 (fax)
>
> ----- Original Message -----
> From: "Jessica DeWysockie" <jdewysockie@gmail.com>
> To: "Jeff Purpuro" <jpurpuro@jacksontwpnj.net>
> Sent: Wednesday, September 30, 2015 2:30:33 PM
> Subject: Re: Jackson Township: Structures
>
> Jeff,
> Thank you, so much.  Is the township considering them temporary
structures or accessory buildings?  One is in someone's front yard!  I'm
worried that with the storm coming it could just fall apart and debris will
be all over the place if they don't move it to their back yard.  It looks
like a shed of some sort...
>
> Jessica
>
> Sent from my iPad
>
>> On Sep 30, 2015, at 2:21 PM, Jeff Purpuro
<jpurpuro@jacksontwpnj.net> wrote:
>>

11/7/2017, 6:30 AM

TWP001867

**Zimbra**                                            **clerk@jacksontwpnj.net**

---

### Re: Mayor's view of town issues

---

**From :** Michael Reina <mikereina@jacksontwpnj.net>    Mon, Aug 29, 2016 11:57 AM

**Subject :** Re: Mayor's view of town issues

**To :** cherbie6577@yahoo.com

**Cc :** Robert Nixon
        <councilmannixon@jacksontwpnj.net>, Helene
        Schlegel <administrator@jacksontwpnj.net>,
        Michael Reina <mikereina@jacksontwpnj.net>

Dear Ms. Baker,

   Thank you for taking the time to write me. As you requested here is a quick summary;

As your aware we have strengthened our no knock ordinance which has been said to be a model for our state. Most recently we have increased surveillance all over town by utilizing all township employees while they are about the town during their working schedules, they were asked that if they see something out of the ordinary such as increased residential block traffic, construction going on or demolition containers without permits visible in residential windows to say something. We have made the following requests to the Chief of Police, enforce the unauthorized use of outside neighborhood patrols, hiring more special police officers that can be used as park and recreation security during high traffic times as well as assisting code enforcement during high volume requests, and with the heroin epidemic that has taken a grip on Jackson for a number of all drug overdose deaths and Narcan recoveries. I will be joining Ocean County Prosecutor Joseph Coronato in his war on opiate use and the loss of life that accompanies it. There is now a residential trailer ban ordinance going for a second reading that once voted on and passed will no longer allow the use of trailers (co-joined or single use and not longer than 20 feet in length) being used as "temporary permanent outdoor use structures" (and other backdoor zoning approved uses), we are once again requesting that the office of Zoning revisit and not to allow non permanent structures to be placed in front yards, and we are looking at the issue regarding the use of ERUV wires and their placement within the public ROW. These newly proposed bans and restrictions coming up will not only strengthen Jackson township zoning and codes as well but will make it even harder for those who may want to challenge them somewhere down the road. We have been trying to acquire more code enforcement officers to keep up with the increased volume that the department has been experiencing. These are just a few things that we are currently on top of. Naturally we have legal

TWP003429

counsel looking into everything of what we can and cannot do.

First I have to ask you, have you notified the Zoning or Code Compliance Officer about the illegal zoning? If not can you identify to me the illegal zoning that is happening so that I may bring these examples to the Zoning and Code Compliance officers attention if you chose not to. Also if you could explain panic peddling to me I would appreciate that because I am not aware of what that is. Third and last is blockbusting.  While some rumor mongers may say that we are not looking into the alleged blockbusting tactics being used in Jackson I have to say that is just not true. Myself, the administration and the entire Council continue to look into this through the eyes of code enforcement, the zoning office and legal channels. We have also sent numerous complaints up to higher authorities so that they can review the allegations and posted information that we receive as well. The township does not just stand by and allow any illegal activity to knowingly occur in Jackson Township and everyone knows that I stand firm on that. If someone you know or may have personal knowledge of this being done then it's time for those individuals to go and make a formal complaint to the DOJ citing blockbusting and or any alleged corruption within the township and then let the law do their jobs.

Maintaining a healthy and safe quality is job one for us, while some may say that is not enough I encourage all to help by participating and producing ideas that will help us become even better prepared as we grow. My public record and all that I have supported and signed into law is available to all via our website, there you will find meeting minutes, code amendments, zoning laws, and plethora of past and present ordinances and resolutions. Just recently Council President Nixon responded to you addressing certain issues saying what I would have said had he not. As a point of information, the Council President and myself constantly discuss issues that can or could possibly change the quality of life for Jackson residents and as a team we continue to advance ways for the betterment of Jackson. The Council President also noted what I have been saying from the very beginning and that is that we look before we jump into anything. When others compare us to other towns or even another state we have remained steadfast with our responses and that is, we will not do a knee jerk reaction every time someone mentions "well another town/state did this" before we look at that particular issue a full 360 degrees and what if any legal ramifications wait for us down the road should we implement it. Realizing of course that our residents may view things differently we understand that not everything may be crystal clear to everyone or addressed in what they would consider a timely fashion. And we do realize they may misunderstand the delay necessary to consider all implications as inaction. We also are in charge and keep in mind of the township's finances so a large class action lawsuit is not something that we will just allow to happen because people feel we are not acting fast enough.

Respectfully,

TWP003430

Michael Reina

Mayor
Jackson Township
95 West Veterans Highway
Jackson NJ 08527
Office 732-928-1200 ext.1211
Fax   732-928-2613
mikereina@jacksontwpnj.net

CONFIDENTIALITY NOTICE: This electronic message contains information from
the Jackson Township Mayors office. This e-mail and any files attached may
contain confidential information that is legally privileged. If you are
not the intended recipient, or a person responsible for delivering it, you
are hereby notified that any DISCLOSURE, COPYING, DISTRIBUTION or use of
any of the information contained in or attached to this transmission is
STRICTLY PROHIBITED. If you have received this transmission in error,
please forward same to sender and destroy the original transmission and
its attachments without reading or saving in any manner.

**From:** "cherie baker" <cherbie6577@yahoo.com>
**To:** "Michael Reina" <mikereina@jacksontwpnj.net>
**Sent:** Sunday, August 28, 2016 11:13:39 AM
**Subject:** Mayor's view of town issues

Good morning, as I look at my neighborhood along with various other neighborhood
in the area panic selling I was wondering what the mayors though were on
everything that is happening in our town. We have blockbusting taking place, illegal
zoning happening, panic peddling. What is your take on what's happening in this
town and have you done anything to help the situation? I would like to know where
you see our town in five years, if you could maybe paint a picture in my mind,
especially the east side of town I would greatly appreciate it.  Thank you for your
time,
Cherie Baker
And an email response would be perfect. I do not need to call or meet with you.
Thank you

Sent from Yahoo Mail on Android

TWP003431