41034.00107-HBM
LEGAL/122379098.v1
**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
Howard B. Mankoff, Esq.
Pauline F. Tutelo, Esq.
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100    📠973-618-0685
📧 hbmankoff@mdwcg.com
📧 pftutelo@mdwcg.com
ATTORNEYS FOR DEFENDANTS – Township of Jackson, New Jersey, Michael Reina, Robert Nixon, Helene Schlegel, Jeffrey Purporo and William Campbell

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

### ** <u>ELECTRONICALLY FILED</u> **

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company, | CASE NO.:  3:17-cv-03226-MAS-DEA |
| Plaintiffs, | Civil Action |
| v. | |
| TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPORO, WILLIAM CAMPBELL, and KENNETH PIESLAK, | |
| Defendants. | |

### DEFENDANTS, TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPORO, AND WILLIAM CAMPBELL'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants, by way of Answer to the Second Amended Complaint, state:

## INTRODUCTION AND NATURE OF ACTION

1.      This is plaintiffs' description of the suit, and as such, requires no response.  To the extent the plaintiffs mean to imply in this paragraph that there are factual allegations, which support the causes of action pled by the plaintiffs, the allegations are denied.  Jackson Township is a welcoming and inclusive community, which based its decisions, concerning the land use issues involved in this case, on local land use law and in compliance with all federal and state statutes.

2.      This is plaintiffs' description of the suit, and as such, requires no response.  To the extent the plaintiffs mean to imply in this paragraph that there are factual allegations, which support the causes of action pled by the plaintiffs, the allegations are denied.  Jackson Township is a welcoming and inclusive community, which based its decisions, concerning the land use issues involved in this case, on local land use law and in compliance with all federal and state statutes.

3.      Admitted.

4.      Denied.  To the extent the plaintiffs mean to imply that Ordinance 20-17 was passed to prohibit any group from exercising its religious rights, the allegation is specifically denied.

5.      Denied.  To the extent the plaintiffs mean to imply that Ordinance 20-17 was passed to prohibit any group from exercising its religious rights, the allegation is specifically denied.

6.      It is admitted that Agudath Israel of America, Inc., and WR Property LLC, are the plaintiffs.  It is denied that the plaintiffs have suffered violations of their civil rights.

7.      This is plaintiffs' description of the suit, and as such, requires no response.  To the extent the plaintiffs mean to imply in this paragraph that there are factual allegations, which support the causes of action pled by the plaintiffs, the allegations are denied.  Jackson Township is a welcoming and inclusive community, which based its decisions, concerning the land use issues involved in this case, on local land use law and in compliance with all federal and state statutes.

8.      This is plaintiffs' description of the suit, and as such, requires no response.  To the extent the plaintiffs mean to imply in this paragraph that there are factual allegations, which support the causes of action pled by the plaintiffs, the allegations are denied.  Jackson Township is a welcoming and inclusive community, which based its decisions, concerning the land use issues involved in this case, on local land use law and in compliance with all federal and state statutes.  The comments cited in this paragraph are taken out of context.  The Mayor and Township Council President were expressing concerns about land use issues in Jackson Township.

9.      This is plaintiffs' description of the suit, and as such, requires no response.  To the extent the plaintiffs mean to imply in this paragraph that there are factual allegations, which support the causes of action pled by the plaintiffs, the allegations are denied.  Jackson Township is a welcoming and inclusive community, which based its decisions, concerning the land use issues involved in this case, on local land use law and in compliance with all federal and state statutes.

10.      This is plaintiffs' description of the suit, and as such, requires no response.  To the extent the plaintiffs mean to imply in this paragraph that there are factual allegations, which support the causes of action pled by the plaintiffs, the allegations are denied.  Jackson Township is a welcoming and inclusive community, which based its decisions, concerning the land use issues involved in this case, on local land use law and in compliance with all federal and state statutes.

## JURISDICTION AND VENUE

11.      It is admitted that the Court has jurisdiction over this action.

12.      It is admitted that the Court has jurisdiction over the request for declaratory relief and supplemental jurisdiction over the state law claims.

13.      It is admitted that venue is proper.

## THE PARTIES

14.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

15.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

16.     The defendants have no information concerning the location of the residence of members of Agudath Israel.  As such, the plaintiffs are left to their proofs.

17.     The defendants have no information concerning the location of the residence of members of Agudath Israel.  As such, the plaintiffs are left to their proofs.

18.     The defendants have no information concerning the location of the residence of members of Agudath Israel.  As such, the plaintiffs are left to their proofs.

19.     The defendants are without sufficient information to admit or deny the allegation concerning Orthodox Jewish individuals being significantly less likely to move to a location that does not provide religious educational opportunities for their children and the ability to establish an eruv in their community.  To the extent the plaintiffs mean to imply in this paragraph that the Jackson Township land use ordinance prevents Orthodox Jewish individuals from providing adequate religious educational opportunities for their children and the ability to establish and eruv, the allegation is denied.

20.     The defendants deny that the ordinances referred to in this paragraph discriminate against anyone.

21.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

22.     It is admitted that Mr. Nixon made the announcement referred to in this paragraph.  To the extent the plaintiffs mean to imply in this paragraph that the announcement by Mr. Nixon is evidence of discrimination, the allegation is denied.

23.     To the extent that plaintiffs mean to imply in this paragraph that the actions of the defendants violated the plaintiffs' rights or subjected the members of Agudath Israel to anti-Orthodox hostility, the allegations are denied.

24.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

25.     Admitted.

26.     Admitted.

27.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

28.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

29.     Denied.

30.     It is denied that Plaintiff WR Property has standing to pursue this action.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

## FACTUAL ALLEGATIONS

A.     **Background**

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     This allegation is too vague for the defendant to respond.

44.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

45.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

46.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

47.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

48.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

49.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

50.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

51.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

52.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

53.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

54.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

55.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

56.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

57.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

58.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

59.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

60.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

61.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

62.     Admitted.

63.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

64.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

65.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

66.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

67.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

68.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

69.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

70.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

71.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

72.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

73.     To the extent the plaintiffs mean to imply in this paragraph that land use decisions by the defendant were based on anti-Semitic animus, the allegation is denied.

74.     To the extent the plaintiffs mean to imply in this paragraph that land use decisions by the defendant were based on anti-Semitic animus, the allegation is denied.

75.     To the extent the plaintiffs mean to imply in this paragraph that land use decisions by the defendant were based on anti-Semitic animus, the allegation is denied.

76.     To the extent the plaintiffs mean to imply in this paragraph that land use decisions by the defendant were based on anti-Semitic animus, the allegation is denied.

**B.**     <u>**Ordinances 3-17 and 4-17**</u>

77.     Admitted.

78.     Admitted.

79.     Admitted.

80.     Denied.

81.     Denied

82.     Denied.

83.     Denied

84.     Denied

85.     Admitted

86.     Admitted.

87.     Admitted.

88.     Admitted (except that the correct citation is 244-176.2)

89.     Denied.

90.     Denied.

91.     Admitted

92.     Admitted

93.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

94.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

95.     Admitted

96.     The defendant does not deny the contents of the article quoted from The Asbury Park Press but denies that any zoning or land use decisions were based on anti-Semitic animus.

97.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

98.     Admitted

99.     After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

100.    Admitted, though to the extent the plaintiff means to imply the Council's vote was based on the cited comments, the allegation is denied.

101.    It is admitted that the comment was made. The defendant lacks sufficient information to admit or deny the information concerning the applause. To the extent the plaintiff means to imply the Council's vote was based on the cited comments, the allegation is denied

102.    It is admitted that the comment was made. The defendant lacks sufficient information to admit or deny the information concerning the applause. To the extent the plaintiff means to imply the Council's vote was based on the cited comments, the allegation is denied.

103.    Admitted

104.    Admitted

105.   Denied.

106.   Admitted

107.   Admitted.

108.    Denied

109.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

110.   Denied.

111.   Denied.

112.   It is denied that anyone, including members of Agudath Israel, are prevented from living in Jackson Township.

113.   It is denied that anyone, including members of Agudath Israel, are prevented from living in Jackson Township.

114.   The actions of Jackson Township and the Zoning Board were based on legitimate land use considerations and not anti-Semitic animus.

115.   The actions of Jackson Township and the Zoning Board were based on legitimate land use considerations and not anti-Semitic animus.

116.   The actions of Jackson Township and the Zoning Board were based on legitimate land use considerations and not anti-Semitic animus.

117.   The actions of Jackson Township and the Zoning Board were based on legitimate land use considerations and not anti-Semitic animus.

118.   Denied

119.   The actions of Jackson Township and the Zoning Board were based on legitimate land use considerations and not anti-Semitic animus.

120.    The defendants admit the contents of the article in the <u>Asbury Park Press</u> but deny that any of the defendants' land use decisions were based on anti-Semitic animus.

121.    The defendants admit the contents of the article in the <u>Asbury Park Press</u> but deny that any of the defendants' land use decisions were based on anti-Semitic animus.

122.    The defendants admit the content of the article but deny that any of the defendants' land use decisions were based on anti – Semitic animus

123.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

124.    Admitted.

125.    Denied to the extent the plaintiff selectively quotes the statement out of context.

126.    Denied.

127.    The defendants deny that any of their decisions regarding land use ordinances were based on anti-Semitic animus.

128.    The defendants deny that any of their decisions regarding land use ordinances were based on anti-Semitic animus.

129.    This allegation is too vague for the defendants to respond.

130.    Denied.

131.    Denied.

132.    Denied to the extent the plaintiff means to imply these are appropriate comparators.

133.    Denied to the extent the plaintiff means to imply these are appropriate comparators

134.    Denied to the extent the plaintiff means to imply these are appropriate comparators

135.    Denied to the extent the plaintiff means to imply these are appropriate comparators

136.    Denied to the extent the plaintiff means to imply these are appropriate comparators

137.    Denied to the extent the plaintiff means to imply these are appropriate comparators

138.    Admitted.

139.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

140.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

141.    Denied.

142.    Denied.

C.    **Ordinance 20-17**

143.    Denied.

144.    Denied.

145.     Admitted.

146.    Admitted.

147.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

148.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

149.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

150.    Admitted.

151.    Admitted.

152.    Admitted.

153.    Admitted.

154.    Denied.

155.    Denied to the extent the quotation is not complete.

156.    Denied to the extent the quotation is not complete.

157.    It is denied that the decisions made by Jackson Township officials, including the defendants, were motivated by anti-Semitic animus.

158.    Admitted.

159.    Admitted.

160.    Admitted.

161.    Admitted.

162.    Denied.

163.    Admitted.

164.    Admitted.

165.    Denied.

166.    Admitted.

167.    It is denied that the Township Code was enforced in a manner which discriminated against eruv markers.

168.    It is denied that the Township Code was enforced in a manner which discriminated against eruv markers.

169.    Admitted.

170.    Admitted.

171.    Admitted.

172.    Admitted.

173.    Admitted.

174.   Admitted.

175.   Admitted.

176.   The allegation does not provide the source of the quote, so the defendants are without sufficient information to admit or deny the allegation.

177.   The allegation does not provide the source of the quote, so the defendants are without sufficient information to admit or deny the allegation.

178.   Admitted.

179.   Denied.

180.   To the extent that plaintiffs mean to imply that the defendants' decisions regarding land use were motivated by anti-Semitic animus, the allegation is denied.

181.   To the extent that plaintiffs mean to imply that the defendants' decisions regarding land use were motivated by anti-Semitic animus, the allegation is denied.

182.   To the extent that plaintiffs mean to imply that the defendants' decisions regarding land use were motivated by anti-Semitic animus, the allegation is denied.

183.   Members of Agudath Israel are not prevented from living in Jackson Township by local land use laws.

184.   Members of Agudath Israel are not prevented from living in Jackson Township by local land use laws.

185.   Denied.

186.   To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

187.   To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

188.    To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

189.    To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

190.    To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

191.    To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

192.    To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

193.    To the extent the plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus, the allegation is denied.

194.    Denied.

195.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

196.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

197.    Denied.

198.    Admitted.

**D.    The Township Has Not Discriminated Against the Orthodox Jewish Community**

199.    Jackson Township has not discriminated against Orthodox Jews and has not discouraged them from moving into the Township.

200.    Jackson Township has not discriminated against Orthodox Jews and has not discouraged them from moving into the Township.

201.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

202.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

203.    It is denied that the campaign known as "Jackson Strong" is intended to discourage homeowners from selling to the Orthodox Jewish community.

204.    Denied.

205.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

206.    This statement has been taken out of context and was a reference to maintaining real estate values.

207.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

208.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

209.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

210.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

211.    Admitted.

212.    Denied.

213.   Denied.

214.   Admitted.

215.   Admitted.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Admitted.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied, to the extent the plaintiff does not quote entire statement.

226.   Denied, to the extent the plaintiff does not quote entire statement.

227.   Denied to the extent the extent the plaintiffs mean to imply this is evidence of anti Semitism

228.   Denied to the extent the extent the plaintiffs mean to imply this is evidence of anti Semitism

229.   Denied to the extent the extent the plaintiffs mean to imply this is evidence of anti Semitism

230.   Denied to the extent the extent the plaintiffs mean to imply this is evidence of anti Semitism

231.    Denied to the extent the extent the plaintiffs mean to imply this is evidence of anti Semitism

232.    Denied to the extent the extent the plaintiffs mean to imply this is evidence of anti Semitism

233.    Denied.

234.    The source of the quote is not provided, so that the defendants have insufficient knowledge to admit or deny the allegation.

235.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

236.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

237.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

238.    The allegation is too vague for the defendants to respond.

239.    Admitted.

240.    To the extent the plaintiff means to imply the applause was the basis of the Council's decision, the allegation is denied.

241.    Denied.

242.    Denied.

243.    Admitted.

244.    Admitted.

245.    Denied.

246.    Admitted.

247.    Denied because the allegation is too vague.

248.    Denied.

249.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

250.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

251.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

252.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

253.    Admitted.

254.    Denied.

255.    Denied in that the members of the Zoning Board of Adjustment are appointed by the Council only.

256.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

257.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

258.    Admitted.

259.    Denied.

260.    Admitted.

261.    Denied.

262.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

263.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

264.    Admitted.

265.    Denied.

266.    The court decisions cited in this paragraph speak for themselves.

267.    To the extent the plaintiff means to imply that the decision of the Zoning Board of Adjustment was a response to the the alleged anti Semitic animus of the objectors, the allegation is denied.

268.     To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

269.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

270.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

271.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

272.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

273.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

274.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

275.    Admitted.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Admitted.

281.    Denied.

282.    Denied.

283.    Denied, to the extent the statements are selectively quoted and out of context.

284.    Denied.

285.    Denied, to the extent the statements are selectively quoted and out of context.

286.    Denied to the extent the statement are selectively quoted and out of context.

287.    Denied to the extent the statement are selectively quoted and out of context.

288.    Denied to the extent the statement are selectively quoted and out of context.

289.    Denied to the extent the statement are selectively quoted and out of context.

290.    Denied.

291.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

292.    The allegation does not identify the source of the quote, so that the defendants are without sufficient information to admit or deny the allegation.

293.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

294.    Denied.

295.    Denied.

296.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied

297.    It is admitted that there were complaints and that there was an investigation. To the extent the plaintiffs mean to imply that the investigation is evidence of anti Semitic animus, the allegation is denied.

298.    Denied.

299.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

300.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

301.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

302.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

303.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

304.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

305.    Denied.



306.    Denied, to the extent the plaintiffs mean to imply that the violation notices are evidence of anti Semitic animus.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied, in that the allegation is too vague for the defendant to respond.

312.    Denied.

313.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

314.    Denied.

315.    Denied.

316.    Admitted.

317.    Denied.

318.    Denied.

319.    Admitted.

320.    Admitted.

321.    Denied in that the email is selectively quoted and out of context.

322.    Admitted.

323.    Denied.

324.    Admitted.

325.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

326.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

327.    Denied.

328.    Denied.

329.    Admitted.

330.    Admitted.

331.    Admitted.

332.    Denied.  No documents have been destroyed.

333.    Admitted.

334.    It is denied that documents have been destroyed or improperly withheld.  Either the plaintiffs or parties affiliated with the plaintiffs are intentionally and maliciously deluging Township officials with OPRA requests with the goal of paralyzing Township operations.

335.     Admitted.

336.    The Township later clarified that no records have been destroyed.

337.    The Township later clarified that no records have been destroyed.

338.    The Township later clarified that no records have been destroyed.

339.    The Township later clarified that no records have been destroyed.

340.    Admitted.

341.    The correspondence has not been destroyed.

342.    No documents have been destroyed.

343.    No documents have been destroyed.

344.    No documents have been destroyed.

345.    No documents have been destroyed.

346.    No documents have been destroyed.

347.    No documents have been destroyed.

348.    No documents have been destroyed.

349.    No documents have been destroyed.

350.    It is admitted that the parties were referred to mediation.

351.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

352.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

353.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

354.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

355.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

356.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

357.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

358.    Admitted, but the ordinances were discussed in Executive Session.

359.    Denied.

360.    Admitted.

361.    Admitted.

362.    Admitted.

363.    Denied. Whether and when the defendants retained counsel is irrelevant and not properly included in the complaint.

364.    Denied.

365.    To the extent the plaintiffs mean to allege that defendants' counsel is not entitled to a legal theory or that the legal theory is evidence of anti-Semitic animus, the allegations are denied.

366.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

367.    To the extent the plaintiffs mean to imply that a meeting between counsel and clients is evidence of anti-Semitic animus, the allegation is denied.

368.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

369.    To the extent the plaintiffs mean to imply that a resolution appointing additional counsel is evidence of anti-Semitic animus, the allegation is denied.

370.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

371.    Any allegations by the plaintiffs concerning settlement negotiations violate the agreement that the negotiations are confidential.  Any such allegation violates Federal Rule of Evidence 408.

372.    Denied.

373.    Denied.

374.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

375.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

376.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

377.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

378.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

379.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs.

380.    After reasonable investigation, the defendants are without sufficient information to admit or deny this allegation and the plaintiffs are left to their proofs

381.    Denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    This allegation is too vague for the defendants to respond.

386.    This allegation is too vague for the defendants to respond.

387.    It is denied the plaintiffs have been harmed.

388.    It is denied the plaintiffs  have been harmed.

389.    It is denied the plaintiffs  have been harmed.

390.    It is denied the plaintiffs have been harmed.

391.    It is denied the plaintiffs  have been harmed.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint is barred by the applicable Statute of Limitations.

**Second Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Plaintiffs have shown no valid civil rights violations and therefore have failed to meet the statutory requirements of the Religious Land Use and Institutionalized Persons Act.

**Fourth Affirmative Defense**

The plaintiffs have failed to mitigate their damages.

**Fifth Affirmative Defense**

The claims against the defendants are barred by the applicable provisions of the New Jersey Tort Claims Act, N.J.S. 59:9-1 et seq.

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Rule of Civil Procedure 11.2, I hereby certify that the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## <u>TRIAL COUNSEL DESIGNATION</u>

Howard B. Mankoff is hereby designated as trial counsel for defendants.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
*Attorneys for Defendants,Township of Jackson,*
*New Jersey, Michael Reina, Robert Nixon, Helene*
*Schlegel, Jeffrey Purporo and William Campbell*

*/s/ Howard B. Mankoff*

By: _____
HOWARD B. MANKOFF, ESQ.

Dated: July 18, 2019