**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (SR7208)
Roman P. Storzer, *admitted pro hac vice*
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996
*Counsel for Plaintiffs*

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Donna M. Jennings (DJ7790)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
*Co-Counsel for Plaintiff WR Property LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, and KENNETH PIESLAK,<br><br>Defendants. | Civ. No. 3:17-DV-03226 |

**DECLARATION OF ANDREW MOZES**

ANDREW MOZES declares as follows, pursuant to 28 U.S.C. § 1746:

1. I live at 33 Rutgers Road in Jackson Township, New Jersey.

2. I submit this declaration in support of Plaintiffs' motion for a preliminary injunction.

3. I am a member of Agudath Israel.

4. My religious beliefs prohibit me from pushing a stroller or a wheelchair or carrying food, medication, canes, water bottles, house keys, personal identification, books, prayer shawls and/or reading glasses outside of my home on the Sabbath and on holy days, unless there is an *eruv,* an area enclosed by a wire boundary that symbolically extends the private domain of Jewish households into public areas.

5. There is no *eruv* in my neighborhood and Jackson has passed an ordinance prohibiting the installation of an *eruv*.

6. The lack of an *eruv* hampers my ability to practice my religious beliefs in multiple ways, including:

    a. It is my religious belief that I should bring my children to shul on the sabbath and on holy days for at least a portion of the day. However, my one year old son cannot walk to the shul. He must go in a stroller or be carried. Because there is no *eruv*, we cannot push a stroller or carry my son and we are unable to bring him to shul and my wife must stay home with him and is unable to attend shul.

    b. It is my religious belief that I must study with others on the sabbath. Without an *eruv* I can not carry my books to shul. By not being able to carry my books, it hampers my ability to pray and study.

    c. It is my religious belief that we must pass our traditions on to our children, *l'dor vador* (from generation to generation) and that my children should learn from

older family members. However, because there is no *eruv*, I cannot have my wife's grandfather who is in a wheelchair, join us for shabbos or for a holy day. Because we can't push him to shul, he is unable to come to our house for shabbos.

7. The ordinances prohibiting an *eruv* do not affect my neighbors who are not Orthodox Jews because they are permitted to push strollers and travel to their houses of worship and families with or without an *eruv*. The prohibition on the *eruv* only affects Orthodox Jews.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2019

_____
ANDREW MOZES