**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (SR7208)
Roman P. Storzer, *admitted pro hac vice*
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996
*Counsel for Plaintiffs*

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Donna M. Jennings (DJ7790)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
*Co-Counsel for Plaintiff WR Property LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, and KENNETH PIESLAK,<br><br>Defendants. | Civ. No. 3:17-DV-03226 |

## DECLARATION OF GERSHON KLEIN

GERSHON KLEIN declares as follows, pursuant to 28 U.S.C. § 1746:

1. I live at 26 London Drive in Jackson Township, New Jersey.

2. I submit this declaration in support of Plaintiffs' motion for a preliminary injunction.

3. I am a member of Agudath Israel.

4. My religious beliefs prohibit me from pushing a stroller or a wheelchair or carrying food, medication, canes, water bottles, house keys, personal identification, books, prayer shawls and/or reading glasses outside of my home on the Sabbath and on holy days, unless there is an *eruv,* an area enclosed by a wire boundary that symbolically extends the private domain of Jewish households into public areas.

5. I live a 15 minute walk from shul.

6. There is no *eruv* in my neighborhood and Jackson has passed an ordinance prohibiting the installation of an *eruv.*

7. The lack of an *eruv* hampers my ability to practice my religious beliefs in multiple ways, including:

    a. My 3 year old and my 4 month old can't walk to shul so because there is no *eruv,* my wife can't attend on Shabbos and holy days. It is my religious belief that my 4 year old should attend a portion of services with me on Shabbos and holy days. Because my wife cannot carry our 4 month old or push a stroller, she cannot bring my 4 year old to shul for a portion of the day.

    b. Because there is no *eruv,* we also can't go to my sister's house, a few blocks away from me, for a Shabbos or holy day meal because we cannot push my 4 month old in a stroller on these days.

    c. It is my religious belief that I must study with others on the sabbath. Without an *eruv* I cannot carry my books to shul. By not being able to carry my books, it hampers my ability to pray and study. I also can't carry an umbrella if it is raining.

    d. It is also traditional to have a *kiddush* (celebratory meal) at shul the shabbos after a girl is born. Because we don't have an *eruv*, we, and our neighbors with children or elderly relatives who must be carried or pushed in a stroller or wheelchair, cannot attend those ritual celebrations. I had to have a limited kiddush in celebration of my daughter at shul. Because there is no eruv, my wife was unable to attend the *kiddush* in honor of her own daughter.

8. The ordinances prohibiting an *eruv* do not affect my neighbors who are not Orthodox Jews because they are permitted to push strollers and travel to their houses of worship and families with or without an *eruv*. The prohibition on the *eruv* only affects Orthodox Jews.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2019

_____
GERSHON KLEIN