**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (SR7208)
Roman P. Storzer, *admitted pro hac vice*
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996
*Counsel for Plaintiffs*

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Donna M. Jennings (DJ7790)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
*Co-Counsel for Plaintiff WR Property LLC*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, and KENNETH PIESLAK,<br><br>Defendants. | Civ. No. 3:17-DV-03226 |

## DECLARATION OF RACHEL BRUDNY

RACHEL BRUDNY declares as follows, pursuant to 28 U.S.C. § 1746:

1. I live at 127 Valley Road in Jackson Township, New Jersey.

2. I submit this declaration in support of Plaintiffs' motion for a preliminary injunction.

3. I am a member of Agudath Israel.

4. My religious beliefs prohibit me from pushing a stroller or a wheelchair or carrying food, medication, canes, water bottles, house keys, personal identification, books, prayer shawls and/or reading glasses outside of my home on the Sabbath and on holy days, unless there is an *eruv,* an area enclosed by a wire boundary that symbolically extends the private domain of Jewish households into public areas.

5. There is no *eruv* in my neighborhood and Jackson has passed an ordinance prohibiting the installation of an *eruv*.

6. The lack of an *eruv* hampers my ability to practice my religious beliefs in multiple ways, including:

    a. It is my religious belief that my children, who are ages 5 ½, 4, and 2 should go to shul for a portion of the day on shabbos and on holy days. Because there is no *eruv*, I am unable to take them to shul because my 2 year old cannot yet walk the distance to the shul. Our shul is at least a ten minute walk and includes crossing a major road. My son must go in a stroller or be carried. Because my husband or I cannot push a stroller or carry my son without an *eruv*, we are unable to bring him to shul.

    b. I believe that it is important to attend worship services at shul on shabbos and on the holy days. However, because there is no *eruv*, I cannot carry or push my 2

year old in a stroller, either my husband or I must stay home from shul and cannot participate in worship services at shul.

c. It is my religious belief that we must pass our traditions on to our children, *l'dor vador* (from generation to generation) and that my children should learn from older family members. However, I cannot have my elderly grandparents come for shabbos because they cannot be pushed in a wheelchair or use a walker to attend shabbos services.

d. Similarly, my husband's grandmother, who is 96, used to come to our house for shabbos and holy days. She is no longer able to travel without a wheelchair and because there is no *eruv*, she cannot come anymore. My children are missing out on vital intergenerational learning.

e. Nor can we visit my brother-in-law, who lives a ½ mile away, for a shabbos or holy day meal or celebration because there is no *eruv* and we cannot push my son in a stroller or carry him on the sabbath and on holy days.

7. The ordinances prohibiting an *eruv* do not affect my neighbors who are not Orthodox Jews because they are permitted to push strollers and travel to their houses of worship and families with or without an *eruv*. The prohibition on the *eruv* only affects Orthodox Jews.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August ___, 2019

*Rachel Brudny*
RACHEL BRUDNY