**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (SR7208)
Roman P. Storzer, *admitted pro hac vice*
Robert L. Greene, *admitted pro hac vice*
1025 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20036
Tel: 202.857.9766
Fax: 202.315.3996
*Counsel for Plaintiffs*

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Donna M. Jennings (DJ7790)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
*Co-Counsel for Plaintiff WR Property LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, and KENNETH PIESLAK,<br><br>Defendants. | Civ. No. 3:17-DV-03226 |

## DECLARATION OF YAAKOV SHAIN

YAAKOV SHAIN declares as follows, pursuant to 28 U.S.C. § 1746:

1. I live at 41 Birmingham Drive in Jackson Township, New Jersey.

2. I submit this declaration in support of Plaintiffs' motion for a preliminary injunction.

3. I am a member of Agudath Israel.

4. My religious beliefs prohibit me from pushing a stroller or a wheelchair or carrying food, medication, canes, water bottles, house keys, personal identification, books, prayer shawls and/or reading glasses outside of my home on the Sabbath and on holy days, unless there is an *eruv,* an area enclosed by a wire boundary that symbolically extends the private domain of Jewish households into public areas.

5. I live a 15 minute walk from shul.

6. There is no *eruv* in my neighborhood and Jackson has passed an ordinance prohibiting the installation of an *eruv*.

7. The lack of an *eruv* hampers my ability to practice my religious beliefs in multiple ways, including:

    a. Because there is no *eruv*, my one year old child cannot walk to shul so my wife can't go outside on Shabbos and holy days, including to go to shul.

    b. I have worked at a special needs camp for four summers as a volunteer counselor. I would like to invite some of the participants to celebrate Shabbos at my house, but because there is no *eruv*, I cannot do so because they cannot carry their medical devices, medicines or canes.

    c. It is my religious belief that we must pass our traditions on to our children, *l'dor vador* (from generation to generation) and that my children should learn from older family members. However, because there is no *eruv*, I cannot have my

elderly relatives come for Shabbos because they cannot be pushed in a wheelchair or use a walker to attend shabbos services. Additionally, family members with children cannot come to my house for Shabbos or holy days because there is no eruv and they cannot carry their children or push them in a stroller to shul.

d. It is also traditional to have a *kiddush* (celebratory meal) at shul the shabbos after a girl is born. Because we don't have an *eruv*, we, and our neighbors with children or elderly relatives who must be carried or pushed in a stroller or wheelchair, cannot attend those ritual celebrations. I had to have a limited kiddush in celebration of my daughter at shul. Because there is no eruv, my wife was unable to attend the *kiddush* in honor of her own daughter.

e. It is also my religious belief that I should spend time doing leisure activities with my family on Shabbos, as it is the day of rest. It is the only day that I have time to do those activities. However, because there is no eruv, I cannot do many of those activities.

8. The ordinances prohibiting an *eruv* do not affect my neighbors who are not Orthodox Jews because they are permitted to push strollers and travel to their houses of worship and families with or without an *eruv*. The prohibition on the *eruv* only affects Orthodox Jews.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2019

YAAKOV SHAIN