# Superior Court of New Jersey



CHAMBERS OF
**JUDGE MARLENE LYNCH FORD**
ASSIGNMENT JUDGE

OCEAN COUNTY COURT HOUSE
P.O. BOX 2191
TOMS RIVER, NJ 08754-2191
732-929-2176

May 30, 2017

Donna Jennings, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095

Robert Greene, Esq.
Storzer & Associates, P.C.
1025 Connecticut Ave, NW
Suite 1000
Washington, DC 20036

Jean Cipriani, Esq.
Gilmore & Monahan, P.C.
10 Allen Street
P.O. Box 1540
Toms River, NJ 08754

Sean Gertner, Esq.
Gertner & Gertner
740 Bennetts Mills Road
Jackson, NJ 08527

Re:   Oros Bais Yaakov High School v. The Zoning Board of Adjustment for the Township of
        Jackson; and the Township of Jackson
        Docket No. OCN-L-2981-14 PW

Dear Counsel:

### Oros Bais Yaakov High School v. The Zoning Board of Adjustment for the Township of Jackson; and the Township of Jackson
Docket No. OCN-L-2981-14 PW

1

This is Plaintiff's motion to file an Amended Complaint to include Township of Jackson ("Township"), as a Party Defendant. The Order permitting a motion to amend the complaint to add additional parties to be filed within 45 days of the Order. This is Plaintiff's complaint in lieu of prerogative writs, challenging the action of the Zoning Board of Adjustment for the Township of Jackson's Resolution which denied Plaintiff's application for a use variance pursuant to N.J.S.A. 40:55D-70d(1).

**Background**

Plaintiff operates a parochial girls' high school with administrative offices located at 1995 Rutgers Boulevard, Lakewood, New Jersey. Plaintiff is the contract purchaser of property ("Property") identified as Block 21401, Lot 6 on the current Tax Map of Jackson Township. The Property has been zoned as R-1 Residential Zone ("R-1 Zone") since 2010, pursuant to Jackson Township Ordinance No. 30-10. If the variance relief is approved, Plaintiff proposes to construct and cooperate a girls parochial school. Schools are not permitted uses in the R-1 Zone.

Plaintiff applied for a use variance and other variance relief from the Zoning Board of Adjustment ("Zoning Board"). Plaintiff claims it is also the contract purchaser of an adjacent 7.5-acre parcel located in the Neighborhood Commercial ("NC") Zone. Schools are permitted uses in the NC Zone. This site is owned by the same owner as the R-1 parcel, however, Plaintiff testified that the acreage of the Neighborhood Commercial Zone parcel was not necessary for the application and that the contract was for some other use. (ZBA Resolution pg. 9, ¶ 7). Plaintiff's advised the Board that the subject property was selected as the potential school site because it was "much cheaper than an eight-acre site just up the road in Lakewood." (ZBA Resolution pg. 5, ¶ 4).

Plaintiff's application before the Zoning Board was denied on June 18, 2014, which denial was memorialized in Resolution on September 3, 2014. The Resolution stated that the Board "focused upon the four-part Sica balancing test" and set forth the Board's findings as follows:

> The Board noted that as Mr. Thomas testified, though one could look at special reasons such as the general notion of promoting public health, safety, morals, and general welfare, the Applicant failed to show that the granting of the variance would ensure that development would not conflict with the development and the general welfare of neighboring municipalities, the county, and state as a whole, nor would promote the establishment of appropriate population densities and concentrations that would contribute to the well-being of persons, neighbors, communities, and regions, and preservation of the environment. Thus, the Board found that the Applicant had not proved by a preponderance [sic] of the evidence presented, that the granting of the variance, even if it could impose reasonable conditions, would not substantially impair the intent and purpose of the zone plan and zoning ordinance. Thus, the Board believed that the use was intense for the neighborhood and itsw [sic] existing character and that water, septic, traffic safety and design concerns could not be mitigated so to alleviate those concerns. The Board further agreed that granting the application would encourage urban sprawl into a well-settled residential neighborhood such that it would substantially undermine the existing characteristics of the neighborhood and the zone plan.

At the end, the Resolution set forth the Board's findings of fact and law for the denial of the application as follows:

1. The Applicant is the contract purchaser of the subject property and has a proprietary interest in this application; and
2. The subject property is located at 38 Cross Street and is designated as Block 21401, Lot 6 in the R-1 zone; and
3. The Applicant could not prove that the public interest at stake in this instance was of such import that was to require the Board to approve the application as submitted with the amendments proffered during testimony; and
4. Even if the Board accepted an argument that the school as proposed was inherently beneficial, the Applicant was unsuccessful in providing evidence to the Board supporting the granting of the use and other variance(s) requested;
5. There remained significant concern over the increase in effluent to be generated at the site as compared to that which would be generated by uses as of right that were more in line with the existing character of the neighborhood;
6. There remained significant concern over the actual traffic to be generated at the site, and the Board was not convinced that all the underlying assumptions upon which the Applicant's expert based his conclusions, could be reasonably enforced;

7. There remained significant concern that the granting of the use variance would ultimately benefit Jackson Township, or for that matter Lakewood Township, the Board finding credence in the objector's planning testimony.

On October 15, 2014, Plaintiff filed a complaint in lieu of prerogative writs challenging the Board's denial of their application alleging: (1) the Board's decision on the application was arbitrary, capricious and unreasonable; (2) the Board's decision to deny Plaintiff's request to develop a parochial school in the R-1 Zone but to permit development of secular schools in the R-1 Zone violated the Equal Terms Clause, 42 U.S.C.A. § 2000cc-(b)(1); (3) the Board's unequal treatment of Plaintiff's application also violated the "Nondiscrimination" provision of Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C.A. § 2000cc-(b)(2). By the Court Order dated February 12, 2015, Counts two and three of Plaintiff's complaint were bifurcated. Thus, the two remaining RLUIPA claims remain.

Plaintiff now seeks to add the Township of Jackson as a Party Defendant. Plaintiff asserts it determined through discovery that the Township Ordinance illegally prohibited Plaintiff's religious land use in the R-1 Zone. Plaintiff states the Township's land use regulations afford differential treatment to religious schools compared to other nonreligious assembly and institutional uses in the NC Zone. Plaintiff asserts the Township is a necessary party to this litigation.

**Findings**

**Amendments to Pleadings**

The New Jersey Court Rules encourage and provide a liberal policy for amendments to pleadings. Under Rule 4:9-1, a party may amend a pleading "by leave of court which shall be freely given in the interest of justice." Moreover, "Rule 4:9-1 requires that motions for leave to amend be granted liberally." Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J.

437. 456 (1998).  Leave to amend is looked even more favorably upon where the parties to be joined "have been and will be involved with this litigation." Tomaszewski v. McKeon Ford, 240 N.J. Super. 404, 411 (App. Div. 1990).  "The broad power of amendment should be liberally exercised at any stage of the proceeding, including on remand after appeal, unless undue prejudice would result or unless the amendment would be futile."  Pressler & Verniero, N.J. Court Rules, comment on R. 4:9-1 (2016). "Of course, the granting of a motion to file an amended complaint always rests in the court's sound discretion." Kernan, 154 N.J. at 457.

Plaintiff should be allowed to amend its complaint to assert claims against the Township because the Plaintiff's complaint includes allegations that Township's land use regulations violate the provisions of RLUIPA.

Defendant Township claims that as a matter of law, Defendants would inexcusably suffer undue prejudice, as the amendment as well as the underlying claim cause undue delay to the matter at hand.  Though the Township was placed on notice of the lawsuit at its inception, the Township is a separate entity from the Zoning Board.  Defendant claims that the Township had no reason to believe it would be made party to this suit, particularly over 24 months after its initial filing and over 14 months after the Court entered a determination on the first count of the initial filing.

This Court makes no findings as to the merits of this claim against the Township, or whether the claims in total or in part are barred by the statute of limitations of the statutory ban.

Given the policy permitting liberal amendment, the motion to amend is granted.

Respectfully submitted,

Marlene Lynch Ford, A.J.S.C.

MLF/jc

5