

# WILENTZ
— ATTORNEYS AT LAW —

**DONNA M. JENNINGS, ESQ.**

T: 732.855.6039
F: 732.726.6560
djennings@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

May 27, 2020

**VIA ECF**

Honorable Michael Shipp, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street, Courtroom 5W
Trenton, NJ 08608

      Re:    **Agudath Israel of America, et al. v. Township of Jackson, New Jersey**
                **Case No. 3-17-CV-03226**

Dear Judge Shipp:

      The undersigned is co-counsel for Plaintiff, WR Property LLC, along with Storzer & Associates, P.C., counsel for Plaintiffs Agudath Israel of America and WR Property, LLC, in the above-referenced matter. This letter is submitted to provide further clarification to Plaintiffs' Notice of Supplemental Authority [Dkt. 74] in support of their Motion for Preliminary Injunction [Dkt. 55], as a result of the inaccurate factual statements contained in Defendants' opposition [Dkt. 82] and a further important development in this matter.

      Defendants' brief makes the bold, inapplicable statement that a state court decision, *Oros Bais Yaakov High School v. Township of Jackson and Zoning Board of Adjustment of the Township of Jackson*, Superior Court of New Jersey, Law Division, Ocean County, OCN-L-2981-14 ("*Oros*"), "held that the Township had a rational non discriminatory reason for passing ordinances, which were found to be consistent with the Master Plan and the State Municipal Land Use Law." [Dkt. 82]. That court held no such thing. Defendants attempt to misguide the Court by quoting to the October 19, 2015 decision of the State Court in that matter.[1] The *Oros* decision was related to the Jackson Township Zoning Board of Adjustment's decision in 2014 to deny a use variance application for an Orthodox Jewish girls high school. It did not pass judgment on the ordinances adopted by the Township of Jackson in 2017 banning schools, dormitories, and *eruvs*, which are the subject of the

---

[1] Defendants' citation to Dkt. 58-2, Exh. B is incorrect. The correct citation is Dkt. 59-2, Exh. B.

pending Notice of Motion for Preliminary Injunction [Dkt. 55] in this matter. This reference by Defendants completely misses the mark.

The 2015 *Oros* decision dealt solely with the Prerogative Writ challenge to the use variance denial under the state law "arbitrary and capricious" standard. The *Oros* decision could not, and did not, include an evaluation of the ordinances at issue before this Court, ordinances that were enacted by the Township of Jackson in 2017 – three years <u>after</u> the Zoning Board's Resolution of Denial in that matter and two years after the *Oros* decision.

This limited scope of the state court's ruling was further confirmed by the Hon. Marlene Lynch Ford, A.J.S.C., who stated in a subsequent hearing in the *Oros* matter on February 17, 2017, two years after her written decision quoted by Defendants, that the 2015 decision had a finite application – it only reviewed the denial of the use variance. Judge Ford decreed that her 2015 decision did not relate to that plaintiff's discrimination claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq.* ("RLUIPA"), and United States Constitution. The court stated:

> Well, under the – I mean, in my decision on the – on the zoning issue I said there wasn't in – in making that – that decision in that ***isolated case, that there was evidence of any bias*** . . . it's ***not my intent to have the finding spill over into the other claims that were preserved specifically under this***. I just want to be clear. . . . Because there may be other – ***other indicia of – of unconstitutional or illegal intent*** that, you know, might – might be present in terms of ***either the development of the ordinance***² ***or – or otherwise***.

Declaration of Donna M. Jennings, Esq., dated May 27, 2020 ("Jennings Decl."), Exh. A at 17:17-18:9 (emphasis added).

The Court should not be so easily swayed, especially when the rulings pre-date the Ordinances at issue, and the state litigation has nothing to do with the targeted ordinances being challenged here. Even without the clear statement that her ***2015*** ruling was limited to the ***2014*** Zoning Board Resolution denying the use variance, the application to the ***2017*** ordinances, as suggested by Defendants, is illogical. It is impossible for Judge Ford to have determined in ***2015*** that the Township's passing of the ordinances in ***2017*** were consistent with the Master Plan and the State Municipal Land Use Law.

------------------------------------

Plaintiffs further request that this Court take judicial notice of the Complaint filed on May 20, 2020 by the United States Department of Justice against The Township of Jackson and Jackson Township Planning Board, *United States v. Township of Jackson,* Civ. No. 3:20-06109 (D.N.J.

---

² The "ordinance" at issue in *Oros* involved the Township's zoning of the "NC" and "R-1" zoning districts, which are not at issue in this litigation.

#11393297.1

Complaint filed May 20, 2020), challenging the same schools and dormitory ordinances at issue in this litigation. Jennings Decl., Exh. B. The United States Department of Justice has asserted claims under RLUIPA and the Fair Housing Act, 42 U.S.C. §§3601, *et seq.*, for Defendants' "enactment and application of zoning ordinances that intentionally target religious schools and housing associated with such schools so that it will be impossible or nearly impossible for religious schools, including religious boarding schools utilized by members of the Orthodox Jewish community" to operate in the Township of Jackson. *Id.*, Exh. B at ¶ 1; Exh. C. The United States Department of Justice has identified on its Case Information Statement that this pending matter is a related case. *Id.*, Exh. C. As asserted by the United States:

> Residents of Jackson, as well as other townships neighboring Lakewood, have expressed hostile views toward the Orthodox community and have expressed concerns that the Orthodox community will continue to increase and change the Township's culture.
>
> Jackson officials have responded to the concerns expressed by non-Orthodox residents by making statements demonstrating that they are aware of and support residents' animus against the Orthodox community and by taking actions to adversely impact the ability of the Orthodox community to locate in the Township.

*Id.*, Exh. B. ¶¶ 72-73.

Accordingly, Plaintiffs respectfully continue its request that the Motion for Preliminary Injunction be granted.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**
/s/ Donna M. Jennings
Donna M. Jennings
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
*Co-Counsel for Plaintiff WR Property LLC*

**STORZER & ASSOCIATES, P.C.**
/s/ Sieglinde K. Rath
Sieglinde K. Rath
9433 Common Brook Road, Suite 208
Owings Mills, MD 21117
*Counsel for Plaintiffs WR Property, LLC and Agudath Israel of America*

Encl.
cc:   Howard Mankoff, Esq. (via ECF)

#11393297.1