

**DONNA M. JENNINGS, ESQ.**

T: 732.855.6039
F: 732.726.6560
djennings@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

June 4, 2020

**VIA ECF**
Hon. Douglas E. Arpert, U.S.M.J.
United States District Court,
  District of New Jersey
Clarkson S. Fisher Building
  and U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

> ***Re:*** ***Agudath Israel of America, et al. v. Township of Jackson, New Jersey, et al.***
> **Case No. 3-17-cv-03226**

Your Honor:

This firm is co-counsel for WR Property LLC, together with Storzer & Associates, P.C., attorneys for Plaintiffs in this matter. Please accept this letter as a discovery status report being submitted in furtherance of the Court's conference on June 5, 2020.

Despite numerous Orders of this Court and requests from the Plaintiffs, Plaintiffs have only received 7 of the 18 responses due from the Defendants. The following responses still have not been received:

1. Township of Jackson's First Request to Produce Responses
2. Township of Jackson's Second Request to Produce Responses
3. Township of Jackson's Answers to WR Second Interrogatories
4. Township of Jackson's Answers to Agudath Israel's First Interrogatories
5. Township of Jackson's Answers to Agudath Israel's Second Interrogatories
6. Defendant Campbell's Request to Produce Responses
7. Defendant Campbell's Answers to Interrogatories
8. Defendant Purpuro's Request to Produce Responses
9. Defendant Purpuro's Answers to Interrogatories

    10. Defendant Pieslak's Request to Produce Responses
    11. Defendant Pieslak's Answers to Interrogatories

Plaintiffs have not served letters regarding the substantive deficiencies in the responses they have received, having discussed this matter with counsel for Defendants and agreeing that it should not be done piecemeal. However, a Motion to Compel will likely be filed and the Plaintiffs await the Court's direction regarding how to proceed with respect to same. Plaintiffs would like to serve their requests for more specific responses with respect to what has been received to date and then receive leave to file a Motion to Compel if the deficiencies cannot be resolved quickly between counsel. One issue will obviously be the responses of these individual Defendants in both their individual and official capacities, as they have been sued in both. They cannot claim that all documents responsive are found at the Township if they are in possession of documents at their home or workplace.

In addition, there are two issues that have arisen regarding Defendants' document production. First, numerous relevant emails were identified on lists provided by a deponent in this litigation that have not appeared in the Defendants' document production and Plaintiffs have made a demand that Defendants produce these. Second, Plaintiffs received a voluminous privilege log from the Defendants that includes obvious third parties. Plaintiffs have painstakingly reviewed same and requested on April 15, 2020 that Defendants provide certain information regarding the identities of individuals and email addresses on same to assess whether privilege would attach, including identification of Defendants' litigation control group. Instead, Plaintiffs recently received a list of **137 individuals**, some with their positions indicated and some not, who Defendants claim are in the litigation "control group." Thus, it is likely a Motion will be required to address claims of privilege by the Defendants.

Thank you for your attention to this matter.

Respectfully submitted,

DONNA M. JENNINGS

DMJ:mb

cc:    via email:
       Howard B. Mankoff, Esq.
       Pauline F. Tutelo, Esq.
       Sieglinde K. Rath, Esq.

#11424493.1(166002.001)