METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
pohlman@methwerb.com
 Attorneys for Township of Jackson, Michael Reina, Robert Nixon, Helene
Schlegel, Jeffrey Purpuro, William Campbell, and Kenneth Pieslak
Our File No.  89600 BRP

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, A NEW YORK NON-PROFIT CORPORATION, AND WJR PROPERTY LLC, A NEW JERSEY LIMITED LIABILITY COMPANY<br><br>              Plaintiffs,<br><br>V.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, AND KENNETH PIESLAK<br><br>              Defendant. | Civil Action No. 3:17-cv-03226<br><br>DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT<br><br><br>              Civil Action |

Defendants, TOWNSHIP OF JACKSON, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, and KENNETH PIESLAK, by way of their undersigned attorneys and by way of Answer to the Third Amended Complaint, state;

## INTRODUCTION AND NATURE OF ACTION

1.  Denied.

2.  Denied.

3.  It is admitted that on March 16, 2017, the Township Council of the Township of Jackson passed Ordinances Nos. 03-17 and 04-17.  It is denied that these Ordinances prohibit schools from locating in the Township's residential zoning districts and prohibited outright dormitories throughout the Township.

4.  It is admitted that on September 12, 2017, the Township Council of the Township of Jackson passed Ordinance No. 20-17.  It is denied that this Ordinances prohibits the establishment of any eruv throughout the Township by prohibiting outright the placement of articles of any nature in the right of way of any street or public place.

5.  Denied.

6.  This is the plaintiffs' description of the allegations in the Third Amended Complaint.  To the extent the plaintiffs mean to imply in this paragraph that there is any factual basis of the causes of action asserted, the allegations are denied.

7.  Denied.

8.  Denied.

9.  Denied.

10.    Denied.

## JURISDICTION AND VENUE

11.   Admitted as to this Court having jurisdiction over the matter. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Count and leaves plaintiff to his proofs.

12.    Admitted.

13.    Admitted.

## THE PARTIES

14.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

15.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

16.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

17.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

18.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

19.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

20.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

21.  Admitted as to the extent that this is a description of plaintiff's claims.  To the extent the plaintiffs mean to imply in this paragraph that there is any factual basis of the causes of action asserted, the allegations are denied.

22.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

23.  Admitted as to the extent that this is plaintiff's description of the claims.  To the extent the plaintiffs mean to imply in this paragraph that there is any factual basis of the causes of action asserted, the allegations are denied.

24.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

25.  Admitted.

26.  Admitted

27.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

28.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

29.  Denied.

30.  Denied.

31.    Admitted.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    Admitted.

**FACTUAL ALLEGATIONS**

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

45.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

46.    Denied.

47.    Denied.

48.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

49.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

50.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

51.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

52.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

53.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

54.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

55.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

56.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

57.    Admitted.

58.    Denied.

59.    Denied.

60.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

61.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

62.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

63.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

64.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

65.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

66.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

67.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

68.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

69.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

70.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

71.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

72.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Admitted.

78.     Denied.

79.     Admitted.

80.     Admitted.

81.     Denied.

82.     Denied.

83.     It is admitted that Ordinance No. 0317 amended §244-48 of Jackson Township's code to prohibit public schools as a permitted use in certain zoning districts.  It is denied that the reason for this is because New Jersey law prohibits differential treatment between public and private schools.  It is denied that the Township already has several public schools that were cited in residential zoning districts, including two recently constructed as discussed in subsequent paragraphs in the Complaint.

84.     Admitted.

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Admitted.

93.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

94.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

95.     Denied.

96.     It is admitted that the article was published in the Asbury Park Press.  It is denied that the facts as reported in the article were accurately reported.

97.     Denied.

98.     Admitted.

99.     Denied.

100.    It is admitted that various residents questioned the meaning and effect of the Ordinance.  It is denied that the council or

its attorney silenced anyone, including both who supported and objected to the Ordinance.

101.     It is denied that there was considerable applause.

102.     It is denied there was substantial applause.

103.     Admitted.

104.     Admitted.

105.     Denied.

106.     Admitted.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied in that there was no discussion about religious schools.

119.     Denied.

120.    It is admitted that the Asbury Park Press published an article entitled "Jackson Dorm Law Advances Amid Crises of Ani-Semitism."  It is denied that everything printed in the article is accurate.

121.    It is admitted that the Asbury Park Press published an article entitled "Jackson Dorm Law Advances Amid of Cries of Anti-Semitism."

122.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

123.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

124.    Admitted.

125.    Denied.

126.    Admitted.

127.    Denied.

128.    Denied.

129.    Admitted.

130.    Admitted, except the allegation that the Township has no land use concerns about the Great Adventure Dormitories is denied.

131.    Denied.

132.    Admitted, to the extent the Township Code permits other land uses that entail group residential components, which are required by law.

133.    Admitted.

134.    Admitted.

135.    Admitted, though the permitting of mobile home parks in the MHP Mobile Home Park Zone is limited to currently existing mobile home parks.

136.    Denied.

137.    Admitted.

138.    Admitted.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

**Ordinance No. 20-17 was not enacted for a discriminatory purpose**

143.    Denied.

144.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

145.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

146.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

147.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

148.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

149.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

150.    Admitted.

151.    Admitted.

152.    Admitted.

153.    Admitted.

154.    Denied.

155.    Denied to the extent the quotation is not complete.

156.    Denied to the extent the quotation is not complete.

157.    Denied.

158.    Admitted.

159.    Admitted.

160.    Admitted.

161.    Admitted.

162.    Denied.

163.    Admitted.

164.    Admitted.

165.    Denied.

166.    Admitted.

167.    Denied.

168.    Denied.

169.    Admitted.

170.    Admitted.

171.    Admitted.

172.    Admitted.

173.    Admitted.

174.    Admitted.

175.    Admitted.

176.    The allegation does not provide the source of the quote, so the defendants are without sufficient information to admit or deny the allegation.

177.    The allegation does not provide the source of the quote, so the defendants are without sufficient information to admit or deny the allegation.

178.    Admitted.

179.    Denied.

180.    Denied.

181.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

182.    To the extent that plaintiffs mean to imply that the defendants' decisions regarding land use were motivated by anti-Semitic animus, the allegation is denied.

183.    Denied to the extent that members of Agudath Israel are not prevented from living in Jackson Township by local land use laws.  Further denied that eruv are prohibited.

184.    Denied to the extent that members of Agudath Israel are not prevented from living in Jackson Township by local land use laws.  Further denied that eruv are prohibited.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied to the extent that plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus.

189.    Denied.

190.    Denied.

191.    Denied to the extent that plaintiffs mean to imply that the land use decisions by the defendants were motivated by anti-Semitic animus. Further denied that eruv are prohibited.

192.     Denied.

193.     Denied.

194.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

195.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

196.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

197.     Denied.

198.     Admitted.

199.     Denied.

200.     Denied.

201.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

202.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

203.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

204.     Denied.

205.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

206.     Denied.

207.     Denied.

208.     After reasonable investigation, the defendant is without
         sufficient information to admit or deny this allegation.

209.     Denied.

210.     After reasonable investigation, the defendant is without
         sufficient information to admit or deny this allegation.

211.     Denied.

212.     After reasonable investigation, the defendant is without
         sufficient information to admit or deny this allegation.

213.     Denied.

214.     Denied.

215.     Denied.

216.     Denied.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Admitted.

221.     Denied.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Denied.

226.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

227.    Admitted, though many other towns have also been involved in affordable housing litigation.

228.    Denied.

229.    Admitted. The ordinance was drafted by the plaintiff's attorney in that matter and was submitted to the Council in the form proposed pursuant to a consent order, served with a letter from the Affordable Housing Special Master to the Court.

230.    Denied.

231.    Denied.

232.    Admitted.

233.    Denied.

234.    It is denied that the certification was filed by Township Officials. The certification was filed by the plaintiffs' attorney in the litigation against the Town.

235.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

236.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

237.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

238.    Admitted.

239.    Admitted.

240.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

241.    Denied.

242.    Denied.

243.    Admitted.

244.    Admitted.

245.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

246.    Admitted.

247.    Denied.

248.    Denied.

249.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

250.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

251.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

252.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

253.    Denied.

254.     Denied.

255.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

256.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

257.     Denied.

258.     Admitted.

259.     Denied.

260.     Admitted.

261.     Denied.

262.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

263.     Denied.

264.     Admitted.

265.     Denied.

266.     The court decisions cited in this paragraph speak for themselves.

267.     To the extent the plaintiff means to imply that the decision of the Zoning Board of Adjustment was a response to the alleged anti-Semitic animus of the objectors, the allegation is denied.

268.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

269.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

270.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

271.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

272.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

273.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

274.    To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

275.    Admitted.

276.      Denied.

277.      Denied.

278.      Denied.

279.      Denied.

280.      Admitted.

281.      Denied.

282.      Denied.

283.     Denied to the extent the statements are selectively quoted
         and out of context.

284.     Denied.

285.     Denied to the extent the statements are selectively quoted
         and out of context.

286.     Denied to the extent the statements are selectively quoted
         and out of context.

287.     Denied to the extent the statements are selectively quoted
         and out of context.

288.     Denied to the extent the statements are selectively quoted
         and out of context.

289.     Denied to the extent the statements are selectively quoted
         and out of context.

290.      Denied.

291.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

292.    The allegation does not identify the source of the quote, so that the defendants are without sufficient information to admit or deny the allegation.

293.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

294.    Denied.

295.    Denied.

296.    To the extent the plaintiffs meant to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

297.    It is admitted that there were complaints and that there was an investigation.  To the extent the plaintiffs mean to imply that the investigation is evidence of anti-Semitic animus, the allegation is denied.

298.    Denied.

299.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

300.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

301.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

302.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

303.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

304.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

305.    Denied.

306.    Denied to the extent the plaintiffs mean to imply that the violation notices are evidence of anti-Semitic animus.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

311.    Denied in that the allegation is too vague for the defendant to respond.

312.    Denied.

313.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

314.    Denied.

315.    Denied.

316.     Admitted.

317.     Denied.

318.     Denied.

319.     Admitted.

320.     Admitted.

321.     Denied in that the email is selectively quoted and out of context.

322.     Admitted.

323.     Denied.

324.     Admitted.

325.     To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

326.     To the extent the plaintiffs mean to imply that the decisions of the Township Zoning Board Members were based on anti-Semitic animus, the allegations are denied.

327.     Denied.

328.     Denied.

329.     Admitted.

330.     Admitted.

331.     Admitted.

332.     Denied.

333.    Admitted.

334.    It is denied that documents have been destroyed or improperly withheld.

335.    Admitted.

336.    The Township later clarified that no records have been destroyed.

337.    The Township later clarified that no records have been destroyed.

338.    The Township later clarified that no records have been destroyed.

339.    The Township later clarified that no records have been destroyed.

340.    Admitted.

341.    The correspondence has not been destroyed.

342.    No documents have been destroyed.

343.    No documents have been destroyed.

344.    No documents have been destroyed.

345.    No documents have been destroyed.

346.    No documents have been destroyed.

347.    No documents have been destroyed.

348.    Denied.  Defendants' counsel is irrelevant.

349.    No documents have been destroyed.

350.    Admitted.

351.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

352.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

353.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

354.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

355.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

356.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

357.    Any allegations concerning what occurred during the mediation violates the agreement that anything which occurred during the mediation was to remain confidential.

358.    Admitted, but the ordinances were discussed in Executive Session.

359.    Denied.

360.    Admitted.

361.    Admitted.

362.    Admitted.

363.    Denied.  Whether and when the defendants retained counsel is irrelevant and not properly included in the complaint.

364.    Denied.

365.    To the extent the plaintiffs mean to allege that defendants' counsel is not entitled to a legal theory or that the legal theory is evidence of anti-Semitic animus, the allegations are denied.

366.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

367.    To the extent the plaintiffs mean to imply that a meeting between counsel and clients is evidence of anti-Semitic animus, the allegation is denied.

368.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

369.   To the extent the plaintiffs mean to imply that a resolution appointing additional counsel is evidence of anti-Semitic animus, the allegation is denied.

370.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

371.   Any allegations by plaintiffs concerning settlement negotiations violate the agreement that the negotiations are confidential.

372.   Denied.

373.   Denied.

374.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

375.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

376.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

377.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

378.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

379.   After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

380.     After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

381.     Denied.

382.     Denied.

383.     Denied.

384.     Denied.

385.     This allegation is too vague for the defendants to respond.

386.     This allegation is too vague for the defendants to respond.

387.     Denied.

388.     Denied.

389.     Denied.

390.     Denied.

391.     Denied.

## COUNT I

392.     The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

393.     Denied.

394.     Denied.

395.     Denied;

WHEREFORE, the defendant demands judgments dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT II

396.     The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

397.     Denied.

398.     Denied.

399.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT III

400.     The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

401.     Denied.

402.     Denied.

403.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT IV

404.     The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

405.     Denied.

406.     Denied.

407.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

### COUNT V

408.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

409.    Denied.

410.    Denied.

411.    Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

### COUNT VI

412.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

413.    Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

### COUNT VII

414.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

415.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT VIII

416.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

417.    Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT IX

418.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

419.    Denied.

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT X

420.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

425.     Denied.

426.     Denied;

WHEREFORE,   the   defendant   demands   judgment   dismissing   the
Complaint and awarding the defendant counsel fees and costs of suits.

## **COUNT XI**

427.     The answers to the allegations in the preceding paragraphs
        are repeated as if set forth fully at length herein.

428.     Denied.

429.     Denied.

430.     Denied.

431.     Denied.

432.     Denied.

433.     Denied;

WHEREFORE,   the   defendant   demands   judgment   dismissing   the
Complaint and awarding the defendant counsel fees and costs of suits.

## **COUNT XII**

434.     The answers to the allegations in the preceding paragraphs
        are repeated as if set forth fully at length herein.

435.     Denied.

436.     Denied.

437.     Denied.

438.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT XIII

439.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

440.    After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

441.    Denied.

442.    Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT XIV

443.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

444.    Denied.

445.    Denied.

446.    Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

## COUNT XV

447.    The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

448.     Denied.

449.     Denied.

450.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

### COUNT XVI

451.     The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

452.     Denied.

453.     Denied.

454.     Denied.

455.     Denied;

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suits.

### AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

This Court does not have jurisdiction over all claims asserted.

## THIRD SEPARATE DEFENSE

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

## FOURTH SEPARATE DEFENSE

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

## FIFTH SEPARATE DEFENSE

Defendants owed no legal duty to the plaintiff.

## SIXTH SEPARATE DEFENSE

Defendants breached no duty owed to the plaintiff.

## SEVENTH SEPARATE DEFENSE

Defendants performed each and every duty, if any, owed to plaintiff.

## EIGHTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

## NINTH SEPARATE DEFENSE

Defendants affirmatively and specifically plead each and every defense, limitation, and immunity, and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and hereby place plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

## TENTH SEPARATE DEFENSE

Any actions or failure to act on the part of defendants were in the nature of the discretionary activity within meaning of N.J.S.A. 59:2-3.

## ELEVENTH SEPARATE DEFENSE

Defendants are entitled to the good faith immunity established by N.J.S.A. 59:3-3.

## TWELFTH SEPARATE DEFENSE

Plaintiff failed to comply with the conditions precedent for making any claim against defendants by not filing the claim in the manner and within the time provided by N.J.S.A. 59:8-3, 59:8-4, 59:8-5, 59:8-7, and 59:8-8.

## THIRTEENTH SEPARATE DEFENSE

The plaintiff(s) failed to file a timely notice of claim as required by N.J.S.A. 59:8-8, et. seq.

## FOURTEENTH SEPARATE DEFENSE

Defendants are entitled to immunity under N.J.S.A. 59:2-2.

## FIFTEENTH SEPARATE DEFENSE

Defendants neither took nor sanctioned any of the actions alleged by plaintiff.

## SIXTEENTH SEPARATE DEFENSE

Any action or inaction on the part of defendant was the result of the exercise of judgment or discretion vested in defendants within the meaning of the applicable law.

## SEVENTEENTH SEPARATE DEFENSE

Defendant acted in good faith without malicious intent in carrying out all duties.

## EIGHTEENTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

## NINETEENTH SEPARATE DEFENSE

All of the acts of defendants were performed in good faith and defendants are therefore entitled to qualified immunity.

## TWENTIETH SEPARATE DEFENSE

Defendants are entitled to absolute immunity.

## TWENTY-FIRST SEPARATE DEFENSE

To the extent alleged, if any, defendants did not engage in a conspiracy against plaintiff and did not have a custom, plan or practice that violated plaintiff's rights.

**TWENTY-SECOND SEPARATE DEFENSE**

Punitive damages cannot be awarded against defendants under both common law and statute.

**TWENTY-THIRD SEPARATE DEFENSE**

Plaintiff is not entitled to an award of economic damages against defendants.

**TWENTY-FOURTH SEPARATE DEFENSE**

Plaintiff is not entitled to an award of interest against defendants.

**TWENTY-FIFTH SEPARATE DEFENSE**

Plaintiff is not entitled to an award of counsel fees against defendants.

**TWENTY-SIXTH SEPARATE DEFENSE**

Defendants did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Defendants were acting pursuant to law in performing any of the acts alleged in the Complaint.

## TWENTY-EIGHTH SEPARATE DEFENSE

This court lacks jurisdiction over one or more of plaintiff's claims.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## THIRTIETH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

## THIRTY-FIRST SEPARATE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

## THIRTY-SECOND SEPARATE DEFENSE

Defendants reserve their right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

## THIRTY-THIRD SEPARATE DEFENSE

Defendants had legitimate, nondiscriminatory reasons for all acts and omissions of which plaintiff complains.

## THIRTY-FOURTH SEPARATE DEFENSE

Plaintiff has failed to exhaust all available administrative remedies.

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Rule of Civil Procedure 11.2, I hereby certify that the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## <u>TRIAL COUNSEL DESIGNATION</u>

Brent R. Pohlman is hereby designated as trial counsel for defendants Township of Jackson, Michael Reina, Robert Nixon, Helene Schlegel, Jeffrey Purpuro, William Campbell, and Kenneth Pieslak.


_____

Brent R. Pohlman,
Attorney for Defendant(s)
Methfessel & Werbel, Esqs.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818


Dated: November 17, 2020