**WILENTZ, GOLDMAN & SPITZER, P.A.**
Donna M. Jennings (017281995)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095

*Co-Counsel for Plaintiff WR Property LLC*

**STORZER & ASSOCIATES, P.C.**
Sieglinde K. Rath (048131991)
Roman Storzer, *admitted pro hac vice*
9433 Common Brook Road, Suite 208
Owings Mills, MD 21117
(202) 857-9766

*Counsel for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPORO, WILLIAM CAMPBELL, and KENNETH PIESLAK,<br><br>Defendants. | Civil No. 3:17-cv-03226 |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, Agudath Israel of America and WR Property LLC, hereby provide notice both of two Supreme Court decisions that were decided subsequent to the close of briefing on Plaintiffs' Motion for Preliminary Injunction pending before this Court and scheduled for oral argument on February 11, 2021 (ECF No. 55), and new evidence regarding the same.

1

I.     NEW DECISIONS RELEVANT TO PLAINTIFFS' MOTION.

A.     The Supreme Court's recent decision in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67, 2020 WL 6948354 (2020), is relevant to the instant Motion. In that case, the Supreme Court confirmed that government action affecting religious exercise is subject to strict scrutiny review under the Free Exercise Clause of the First Amendment to the United States Constitution unless the regulation is both "neutral" and "generally applicable." *Id.* at 67 ("Because the challenged restrictions are not 'neutral' and of 'general applicability,' they must satisfy 'strict scrutiny,' and this means that they must be 'narrowly tailored' to serve a 'compelling' state interest." (emphasis added)). *See also S. Bay United Pentecostal Church v. Newsom,* No. 20A136, 2021 WL 406258, at *3 (U.S. Feb. 5, 2021) ("[T]he State fails to explain why narrower options it finds sufficient in secular contexts do not satisfy its legitimate interests. Recently, this Court made it abundantly clear that edicts like California's fail strict scrutiny and violate the Constitution. See *Roman Catholic Diocese of Brooklyn* v. *Cuomo*, ⸺ U.S. ⸺, ⸺, 141 S. Ct. 63, ⸺, ⸺ L. Ed. 2d ⸺ (2020), *ante*, at ⸺ (*per curiam*)."). Neither of these decisions require the demonstration of a "substantial burden" on religious exercise under the Free Exercise Clause (as opposed to RLUIPA's Substantial Burdens provision, 42 U.S.C. § 2000cc(a), a violation of which has not been pled in this case (*see* ECF No. 94), as Defendants have argued. (ECF. No. 58 at 22.)

With respect to the present motion, the Plaintiffs argue that the challenged ordinances and actions of the Defendants were neither neutral nor generally applicable, but rather specifically intended to target the Orthodox Jewish community. *See generally* ECF No. 55-1 at 10-17; ECF No. 60 at 7-9. The Township has not argued either that its laws and actions are justified by any

compelling governmental interest, that they are the least restrictive means of achieving such interest, or that they are narrowly tailored to meet its interests. (ECF No. 58.)

II. **NEW EVIDENCE SUPPORTING PLAINTIFFS' MOTION.**

As set forth in the Declaration of Zvi Bloom (attached hereto as **Exhibit A**), there remains a need to construct Jewish schools, including schools with dormitories, in Jackson Township, New Jersey to serve the Orthodox Jewish community and the challenged Ordinances continue to prevent this from occurring.

Dated: February 10, 2021

**WILENTZ, GOLDMAN & SPITZER, P.A.**
/s/ Donna M. Jennings
Donna M. Jennings (017281995)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
*Co-Counsel for Plaintiff WR Property LLC*

**STORZER & ASSOCIATES, P.C.**
/s/ Sieglinde K. Rath
Sieglinde K. Rath (048131991)
Roman Storzer, *admitted pro hac vice*
9433 Common Brook Road,
Suite 208
Owings Mills, MD 21117
(202) 857-9766
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2021, the foregoing document together with the Declaration of Rabbi Zvi Bloom dated February 9, 2021 were electronically filed via the Court's ECF system with notices to the following:

>Brent R. Pohlman, Esq.
>Methfessel & Werbel
>2025 Lincoln Highway, Suite 200
>P.O. Box 3012
>Edison, New Jersey 08818
>pohlman@methwerb.com
>Tel: 732.248.4200

>**WILENTZ, GOLDMAN & SPITZER, P.A.**
>/s/ Donna M. Jennings
>Donna M. Jennings (017281995)
>90 Woodbridge Center Drive
>Post Office Box 10
>Woodbridge, New Jersey 07095
>*Co-Counsel for Plaintiff WR Property LLC*

4

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, a New York non-profit corporation, and WR PROPERTY LLC, a New Jersey limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF JACKSON, NEW JERSEY, MICHAEL REINA, ROBERT NIXON, HELENE SCHLEGEL, JEFFREY PURPURO, WILLIAM CAMPBELL, and KENNETH PIESLAK,<br><br>Defendants. | Civ. No. 3:17-DV-03226 |

## DECLARATION OF RABBI ZVI BLOOM

RABBI ZVI BLOOM declares as follows, pursuant to 28 U.S.C. § 1746:

1. I submit this declaration in support of Plaintiffs' motion for a preliminary injunction.

2. I am the Executive Director of the National Society for Hebrew Day Schools, a parent organization for Jewish girls and boys high schools, grades K through 12, located in the United States.

3. I am also the Dean of Nachlas Bais Yaakov and Tehilas Bais Yaakov, two post-secondary schools for young Orthodox Jewish women in Israel.

4. Orthodox Jewish women, upon graduation from high school, often seek to have a gap year where they dedicate themselves to focusing on Judaic studies in a residential setting before they attend college.

1

5. Both of the schools mentioned in paragraph 2 above serve this purpose and also include dormitories.

6. I sought to build and operate a similar school in Jackson Township, New Jersey.

7. I viewed several properties in Jackson Township, New Jersey for this purpose in 2019-20.

8. However, based upon the Ordinances banning such schools and dormitories, I abandoned my plans to build such a school in Jackson Township.

9. If those ordinances were no longer in effect, I would endeavor to build such a school in Jackson Township.

10. This school would include students from Jackson Township.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2021

_____
RABBI ZVI BLOOM