

**METHFESSEL & WERBEL**
─── A Professional Corporation ───

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>

Of Counsel
MARC DEMBLING*+
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+

Counsel
CHRISTIAN R. BAILLIE+
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN^
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
BRENT R. POHLMAN+
AMANDA J. SAWYER^
JARED S. SCHURE>
SHIFRA TARICA+

Associates
EDWARD D. DEMBLING>
NATALIE DONIS+
MICHAEL R. EATROFF>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
OLIVIA R. LICATA+
ASHLEY E. MALANDRE^
ANTHONY J. MANCUSO>
CHRISTEN E. MCCULLOUGH^
KAJAL J. PATEL>
NABILA SAEED^
SARAH E. SHEPP+
TIFFANY D. TAGARELLI>
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

March 5, 2021

VIA ELECTRONIC FILING
Hon. Michael A. Shipp, U.S.D.J.
United States District Court
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

RE: **AGUDATH ISRAEL OF AMERICA VS. TOWNSHIP OF JACKSON, ET AL.**
    Our File No.   : 89600 BRP
    Docket No.     : 3:17-CV-03226 MAS-DEA

Dear Judge Shipp:

Please accept this letter brief on behalf of the Jackson Township Defendants in lieu of a more formal response to Plaintiffs Notice of Supplemental Authority (Document 107). Plaintiffs' notice of supplemental authority references the United States Supreme Court's decisions on two applications for injunctive relief in Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. CT. 63, 67, 2020 WL 6948354 (2020) and S. Bay United Pentecostal Church v. Newsom, No. 20A 136, 2021 WL 406258, at * 3 (US Feb 5, 2021). These cases are easily distinguished from the instant matter.

Methfessel & Werbel, Esqs.
Our File No. 89600
Page 2

In both Roman Catholic and S. Bay the COVID-19 restrictions on gatherings put in place by New York's Governor and California's Governor directly affected the exercise of religion. In Roman Catholic, the Court found that New York's COVID-19 regulations effectively barred the attendance at many houses of worship, because they singled out houses of worship to harsh treatment. The restrictions in Roman Catholic limited houses of worship to allowing 25 people to attend service. Non-essential businesses on the other hand were allowed to decide how many persons to admit. Id. at *66. Likewise, in S.Bay, the Court found that California's prohibition on most indoor worship services and its ban on indoor singing violated the First Amendment's free exercise of religion clause. There the court found that California's government could not explain the limits on houses of worship while allowing businesses to determine the amount of people allowed to gather. In short, both of the COVID related restrictions actually targeted houses of worship and placed limits on the same – they did not place the same limits on secular activities. The challenged COVID regulations are markedly different than a neutral ordinance restricting the building of dormitories, or locating schools in residential

Methfessel & Werbel, Esqs.
Our File No. 89600
Page 3

zones, or placing items in the Public Right of Way. The additional authority provided by Plaintiffs turns on the fact that there was already a house of worship, and the regulations prohibited members of that faith from gathering. In the instant matter there are no proofs that anyone has been prohibited from gathering based on the Township's Ordinances. Jackson's Ordinances do not prohibit the free exercise of religion, rather they regulate land use. Defendants note that the Ordinance at issue in the instant matter has been repealed since May 26, 2020 by Ordinance 06-20.[1] Ordinance 06-20 also repeals other Ordinances or portions of ordinances that are inconsistent with Ordinance 06-20.

With the repeal of the Dormitory ordinance the Township has returned to pre-2017 status quo with respect to that issue. At present dormitories are not a permitted or conditional use in any zone in Jackson Township, nor are they "banned" and would require that Plaintiff's seek a variance to build such facilities. Even then, Plaintiffs must also satisfy the Municipal Land Use Law (MLUL) as it pertains to such variances under N.J.S.A. 40:55D-70d. The Township anticipates that Plaintiffs will claim the failure to repeal

---

[1] A true and correct executed copy of Ordinance 06-20 is attached to the certification of Brent R. Pohlman as **Exhibit A**.

Methfessel & Werbel, Esqs.
Our File No. 89600
Page 4

03-17 means that dormitories are still "banned", that argument ignores the language in the Ordinance attached hereto which states that any provision of any ordinance that is inconsistent with what is set forth in 06-20 is repealed. The effect of that clause is to repeal those positions of 03-17 that would be inconsistent with 06-20.

The MLUL allows the Zoning Board to Grant variances for "special reasons" to allow for a departure from regulations such as:

> (1) a use or principal structure in a district restricted against such use or principal structure, (2) an expansion of a nonconforming use, (3) deviation from a specification or standard . . . pertaining solely to a conditional use, (4) an increase in the permitted floor area ratio; (5) an increase in the permitted density . . ., except as applied to the required lot area for a lot or lots for detached one or two dwelling unit buildings, which lot or lots are either an isolated undersized lot or lots resulting from a minor subdivision or (6) a height of a principal structure which exceeds by 10 feet or 10% the maximum height permitted in the district for a principal structure.

The statute also states:

> No variance or other relief may be granted under the terms of this section, including a variance or other relief involving an inherently beneficial use, without a showing that such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance. See N.J.S.A. 40:55D-70d.

Methfessel & Werbel, Esqs.
Our File No. 89600
Page 5

In other words, Plaintiffs may make an application for development and seek the appropriate variances. An applicant is required to prove both positive and negative criteria to obtain a use variance. See Smart SMR of New York, Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 323, 704 A.2d 1271 (1998). "In general, the positive criteria require that an applicant establish 'special reasons' for granting the variance," and "[t]he negative criteria require proof that the variance "can be granted without substantial detriment to the public good" and that it "'will not substantially impair the intent and purpose of the zone plan and zoning ordinance.'" Ibid. (quoting Sica v. Bd. of Adjustment, 127 N.J. 152, 156, 603 A.2d 30, 32 (1992)). There is no impediment to Plaintiff's seeking to obtain such variances.

A reasonable reading of Plaintiffs' Complaint demonstrates that Plaintiffs have been in the Township since at least 2014. Per Plaintiffs' complaint it is clear they were aware of the challenged ordinances in 2017, but chose to do nothing. Instead they waited until the filing of this lawsuit to effectively challenge the same. Under the standard for challenging municipal actions, a party may challenge an

Methfessel & Werbel, Esqs.
Our File No. 89600
Page 6

ordinance, but they must do so within 45 days. See N.J.C.R. 4:69-6. There is no showing they attempted to challenge such ordinances, thus they must be upheld as reasonable. Indeed, Municipal ordinances are presumed valid and will be upheld "where any state of facts may reasonably be conceived to justify [them]." Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 447 (1980). The policy underlying the ordinance is left to the governing body, not the court. Id. Because municipal actions are entitled to a strong presumption that they are valid and proper, a challenger bears a "heavy burden" showing they are arbitrary, capricious or unreasonable. Bryant v. City of Atlantic City, 309 N.J. Super. 596, 610 (App. Div. 1998). See also First Peoples Bank of N.J. v. Twp. of Medford, 126 N.J. 413, 418 (1991); Hutton Park Gardens v. Town Council of W. Orange, 68 N.J. 543, 564 (1975).

Finally, Plaintiffs rely on a self-serving affidavit in an effort to establish factual matter not pled in the complaint. This affidavit does not constitute new evidence and fails to consider that the ordinances at issue have been repealed. As such the Court should disregard Plaintiffs'

Methfessel & Werbel, Esqs.
Our File No. 89600
Page 7

additional authority as the same is not relevant to Plaintiffs' motion.

                                                      Respectfully submitted,
                                                      **METHFESSEL & WERBEL, ESQS.**

                                                      Brent R. Pohlman
                                                      pohlman@methwerb.com
                                                      Ext. 182

BRP:ske

cc:   VIA EMAIL: storzer@storzerlaw.com
      Roman P. Storzer, Esq.
      Storzer & Associates, P.C.
      1025 Connecticut Avenue, Suite One Thousand
      Washington, D.C. 20036

      VIA EMAIL: rath@storzerlaw.com
      Sieglinde K. Rath, Esq.
      Storzer & Associates, P.C.
      1025 Connecticut Avenue, Suite One Thousand
      Washington, D.C. 20036

      VIA EMAIL: djennings@wilentz.com
      Donna M. Jennings, Esq.
      Wilentz, Goldman & Spitzer, PA
      90 Woodbridge Center Drive
      Woodbridge, NJ  07095

      VIA EMAIL: mcguckinesq@aol.com
      Gregory McGuckin, Esq.
      Dasti, Murphy, McGuckin, Ulaky, Koutsouris & Connors
      506 Hooper Avenue
      Toms River, NJ 08753

      VIA EMAIL: sgertner@gertneresq.com
      Sean D. Gertner, Esq.
      Gertner & Gertner, LLC
      740 Bennetts Mills Road, PO Box 1149
      Jackson, NJ 08527